JAIRUS JOSSELYN, ADMINISTRATOR OF NORMAN ARCHER, *v.* TOWN
OF LUDLOW.

*. Town Bounty.    Re-enlisted Veteran.    Demand and Interest. .*

A soldier who, while in the service from October, 1861, re-enlisted in the same company
and regiment in December, 1863, is evidently a veteran re-enlisted in the field, within
the vote of the defendant in this case.

A vote to pay a bounty to a soldier already in the service is upon sufficient consider-
ation, and cannot be rescinded by the town without the consent of the soldier.

No demand before suit brought is necessary to entitle the soldier to recover under the
vote in this case, but no demand being shown, interest is only allowed from the date
of the service of the writ.

The practice of the county court in sending up to the supreme court the evidence used
on trial instead of the facts found by the court, commented upon and condemned.

ASSUMPSIT for town bounty.  Plea, non-assumpsit.  Trial by the court, May term, 1871, BARRETT, J., presiding.

The plaintiff gave in evidence, subject to objection, the certificate of the adjutant and inspector general, by his assistant, James S. Peck, dated the 21st of April, 1869; general order no. 1, of the governor of this State, dated October 28th, 1863, appointing selectmen recruiting officers, &c. ; also order no. 2, 1863, assigning the quotas of the respective towns and showing the deficiency of each town ; also gave in evidence the discharge of said Norman Archer, dated July 18, 1865.

The plaintiff also gave in evidence the record of a meeting of said town, held March 7th, 1865, and the adjourned meeting held March 11th, 1865, and the warning of said meeting, dated February 20th, 1865.

The plaintiff also gave in evidence a certificate of copy of town credit ledger, so far as relates to the town of Ludlow, certified May 28th, 1867, from which it appears that the town of Ludlow had furnished its quota of all the men required by the several calls of the President, and no more.

The plaintiff gave record evidence tending to prove, and it did appear therefrom, that the said Norman Archer enlisted into the service of the United States, in the war of the rebellion, as a veteran volunteer, December 15th, 1863, and was duly mustered in, to the credit of said Ludlow.

The plaintiff also gave in evidence a transcript from journal, showing monthly standing of said town of Ludlow, certified May 28th, 1867.

For the defense, it was conceded and agreed that said Archer was a resident of, and first enlisted for, the town of Plymouth. The defense gave in evidence copy of record of warning and vote of town meeting held March 28th, 1865, rescinding former vote.

The following is the certificate first referred to in the exceptions :

" I hereby certify that Norman Archer enlisted September 30, 1861, and was mustered into the service of the United States in Co. " C," 6th Vt. Vols., October 15, 1861.  That he re-enlisted December 15, 1863, and was mustered in as a veteran in the same

company and regiment, December 16, 1863, to the credit of the town of Ludlow, as appears by the files and records of this office."

The vote of the meeting of March 11th, 1865, was as follows:

"Voted to pay each re-enlisted veteran, who has re-enlisted for three years, and who has received no town bounty, five hundred dollars; and to increase the bounty of those re-enlisted veterans who have received some bounty to five hundred dollars, except commissioned officers, and those who have died leaving no families, and deserters."

The warning under which this vote was taken was:

"To see if the town will pay bounties to veterans who have re-enlisted in the field."

The vote and warning of March 28, 1865, put in by the defendant, was a rescision of the vote above referred to.

All the papers and evidence referred to in the exceptions, which were all that were shown before the court, were made part of the case, and upon the evidence so referred to, the court, *pro forma*, rendered judgment for the defendant. Exceptions by the plaintiff.

*John F. Deane*, for the plaintiff.

*Sewall Fullam* and *William H. Walker*, for the defendant.

The opinion of the court was delivered by

Ross, J. The article in the warning, under which the vote of March 11, 1865, was passed, only authorized the voting of "bounties to veterans who have re-enlisted in the field." Hence the term "re-enlisted veteran" in the vote must be construed as applicable only to that class of re-enlisted veterans who re-enlisted in the field; by which we mean those soldiers who, at the date of the re-enlistment, were in the service, and had been for a sufficient length of time to be classed as veterans. We do not mean to say that the re-enlistment must, necessarily, have been in the field, and before the enemy. It might have been made while the soldier was at home on a furlough, but must have been made while the soldier was still in the service. The voted bounty is not in terms limited to those soldiers who were citizens of Ludlow, or whose first enlistment was to the credit of Ludlow. We find nothing in the case which establishes that it should be thus limited.

The certificate of the adjutant and inspector general was properly admitted in evidence. The act of 1863 expressly authorizes the use of such certificates in evidence. From that certificate it appears that the intestate's re-enlistment was into the same company and regiment as his first enlistment, and that his re-enlistment was December 15, 1863, and he was mustered into the service the next day. It also appears that his first enlistment was September 30, 1861, and that he was mustered into the service under this enlistment October 15, 1861. From these facts we think it is sufficiently evident that the intestate was a veteran, re-enlisted in the field to the credit of the defendant, so that he comes within the terms of the vote promising a bounty of five hundred dollars.

The intestate was in the service at the time the defendant voted to pay him the bounty. His credit upon and reduction of the quota of the town, together with his past and accruing services, furnished a good legal consideration for the defendant's promise to pay him a bounty. Immediately upon the passage of the vote the defendant became obligated to pay the sum voted, and could not discharge the obligation it had thus taken upon itself, by a subsequent vote rescinding the vote by which it had promised to pay the bounty. *Gale* v. *Jamaica*, 39 Vt., 610 ; *Cox* v. *Mt. Tabor*, 41 Vt., 28 ; *Haven* v. *Ludlow*, 41 Vt., 418. In the last named case the court had these same votes of the defendant under consideration. The defendant insists that the suit was prematurely brought, because the plaintiff showed no demand of the bounty before commencing the suit. We do not think any demand necessary. The intestate had a perfected right to the sum voted immediately upon the passage of the vote. It then became as much the duty of the defendant to discharge its obligation to the intestate by the payment of the money, as of the intestate to call upon the defendant and demand the payment of the money. If the defendant would reduce the sum due the intestate below $500, by reason of his having received a town bounty at the time of his first enlistment, it was incumbent on the defendant to have shown that fact. The intestate established a *prima facie* claim to the sum of $500, when he showed he was one of the class to whom the defendant voted to pay that sum. Inasmuch as no demand is

68

shown, we allow interest only from the commencement of the suit, which for this purpose is the date of the service of the writ. In this case, the trial is said to have been by the court. In the case furnished, we find no evidence of any such trial. It appears to have been made up by the counsel of the parties, by simply stating the evidence on each side, and a *pro forma* judgment for the defendant by the court. There appears to have been no finding of the facts by the court. Such practice is entirely irregular, and this court was in doubt whether it ought to dispose of the case, as it has done, or to send it back to be completed in the county court. We make these remarks that it may be understood such practice will find no encouragement in this court. .

The *pro forma* judgment of the county court is reversed, and judgment rendered for the plaintiff for the sum of $500, and interest thereon from the date of the service of the writ, with costs.