FRANCES FARRELL, an Infant, by JOHN V. FARRELL, Her Guardian ad Litem, Respondent, v. MERCHANTS MUTUAL AUTOMOBILE LIABILITY INSURANCE COMPANY, Appellant.

Second Department, November 3, 1922.

Insurance — liability insurance — action against insurance company for amount of judgment obtained against insolvent policyholder in negligence action arising out of automobile accident — notice of accident not duly given by assured to company — company by assuming control and defending negligence action thereby waived notice — duty of company to elect whether to disclaim liability or waive defense of lack of notice.

In an action against an insurance company for the amount of a judgment against one of its policyholders obtained in a negligence action arising out of an automobile accident, brought after an execution against such policyholder had been returned unsatisfied because of his insolvency, it appeared that the assured, instead of giving immediate written notice of the accident, notified the broker who on the next morning telephoned the agent; that when served with the summons and complaint the assured delivered the same to the broker through whom he obtained the policy who in turn delivered them to the company's general claim agent; that the claim agent delivered to the broker a receipt for the summons and complaint specifically reserving the company's rights under the delayed notice clause in the policy but that the broker did not inform the assured concerning this receipt; that the company, with full knowledge that notice of the accident had not been given it in the manner required by the policy, assumed control of the action, negotiated for its settlement, and being unsuccessful, defended at the trial, although it gave the assured notice shortly before the trial and nearly nine months after it had assumed control of the action that he must assume all responsibility for the trial.

Held, that the company by thus taking control of the action waived the required notice of the accident.

It seems, that an insurance company with knowledge of all the facts, in a case like the present, must elect whether it will stand on its rights and disclaim liability or whether it will waive the defense and claim the right, under the policy, to control both the defense and the settlement of the action.

APPEAL by the defendant, Merchants Mutual Automobile Liability Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of February, 1922, upon the verdict

of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The action was brought to recover upon a policy of insurance against liability for accidents issued to Louis Helfer. The policy contained a clause required by section 109 of the Insurance Law, added thereto by chapter 524 of the Laws of 1917, as amended by chapter 182 of the Laws of 1918, which provided, in substance, that the insolvency or bankruptcy of the person insured shall not release the insurance company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and that in case execution against the insured is returned unsatisfied in an action brought by the injured person, because of such insolvency or bankruptcy, then an action may be maintained by the person injured against such corporation, under the terms of the policy, for the amount of the judgment, not exceeding the amount of the policy.

The defendant company, on the 24th of November, 1919, issued its policy to Louis Helfer, insuring him against liability for accidents caused by the operation of his motor car, for one year, to the extent of $5,000. On June 7, 1920, the plaintiff was injured by Helfer's motor car.

Helfer obtained his policy through a broker, Reuben Horowitz. On the day of the accident Helfer notified Horowitz of the occurrence of the accident, and on the following morning Horowitz telephoned to the office of Sylvester L. O'Brien, who was the agent that had countersigned the policy, advising him of the accident. The manager of the office answered that the matter would be attended to. Nothing further was done until the twenty-second of June, when a summons and complaint was served by the plaintiff upon Helfer. It was handed by Helfer to Horowitz. Horowitz took it to the office of the company and delivered it to William C. Smith, the general claim agent of the defendant. Smith told Horowitz that the company had not received notice of the accident in accordance with the condition of the policy, and Horowitz replied that he had given notice to O'Brien by telephone. Smith thereupon delivered to Horowitz a receipt for the summons and complaint, which contained the following clause: " This receipt is given with the understanding that the company reserves all rights under its delayed notice clause." Horowitz did not communicate to Helfer the reservation contained in the receipt. The company thereupon assumed the defense of the action and negotiated with counsel for the plaintiff for a settlement. The claim agent, under the authority of the company, made an offer of $1,000 in settlement.

The offer was declined by the plaintiff, who demanded the sum of $4,500. The negotiations were continued but were unsuccessful. On March 15, 1921, shortly before the case was reached for trial, at an interview between Smith, Horowitz and Helfer, Smith served upon Helfer a written notice disclaiming liability upon two grounds: *First,* upon the ground of delayed notice, and, *second,* upon the ground, subsequently abandoned by the company as untenable, that the car which caused the accident was not covered by the policy. The notice contained the following: "You will take further notice, that if you desire the undersigned to defend this action we will do so at your expense, but if any verdict is rendered against you that you will have to stand the expense of said verdict and pay any judgment rendered against you, we will consent to substitution or the association of other attorneys for the defense of said action but the expense entailed will have to be borne by yourself." The notice was signed "Wm. C. Smith, Claims Attorney for the Merchants Mutual Auto. Lia. Ins. Co." Notwithstanding the notice, the company continued to defend. The trial began April 13, 1921, and resulted in a verdict in favor of plaintiff for $7,500, upon which judgment was entered. Execution was issued and returned unsatisfied on account of the insolvency of Helfer. This action was thereupon brought by the plaintiff against the present defendant under the provision of the law and the policy above mentioned. The company presented the defense of the failure of the assured to comply with the provision of the policy which required the assured to give immediate written notice of the accident to the company at its home office in Buffalo, or to the agent who countersigned the policy. This failure was not disputed, and the issue submitted to the jury was whether the company had waived the performance of the condition. The jury found for the plaintiff and the defendant appeals to this court.

*Alfred L. Becker* [*Owen B. Augspurger* with him on the brief], for the appellant.

*Alfred M. Bailey* [*Solon Weit* and *James A. Dayton* with him on the brief], for the respondent.

BLACKMAR, P. J.:

When the summons and complaint in the action by plaintiff against Helfer was delivered to defendant on June 22, 1920, the company had knowledge that immediate written notice of the accident had not been given. The condition of the policy was broken by Helfer, and the company knew it. It was then competent for the company to stand upon its rights and disclaim liability, leaving Helfer to defend the action.

But the company did not take such course. It assumed the defense of the action and power over settlement, all to the exclusion of the assured. It did this by virtue of a clause in the policy. Except for the contract relation between Helfer and the company, expressed in the policy, the company had no right to meddle in the defense. I think that when the company, relying upon its rights under the policy, took the control of the litigation, including the power of settlement, out of the hands of Helfer, it waived the failure of the assured to give immediate written notice of the accident.

Undoubtedly with the consent of the assured the company may assume power over the litigation and reserve the right to repudiate liability thereafter, and the consent may be either expressed or inferred from the acquiescence of the assured. It was, however, competent for the jury to find that no such consent was given in this case, for the clause in the receipt for the summons and complaint, given to Horowitz, was not brought to the attention of Helfer, and notice to him, given on the eve of the trial, nearly nine months after defendant had assumed control of the litigation, was too late. The election to treat the policy as covering the loss had already been made.

If the company were ignorant of the facts upon which the invalidity of the policy depended, the assumption of the defense would not be evidence of a waiver. But Mr. Smith, the claims attorney for defendant, testified that when Horowitz handed him the summons and complaint and the question of notice was raised, Horowitz told him that he telephoned it to O'Brien's office. The company, therefore, knew at that time that the notice given was an oral notice over the telephone and not a written notice, and yet it assumed the defense.

The case at bar differs from *Holland Laundry* v. *Travelers Ins. Co.* (166 App. Div. 621; affd., 221 N. Y. 698); *Mason-Henry Press* v. *Ætna Life Ins. Co.* (211 id. 489); *Morrison* v. *Royal Indemnity Co.* (180 App. Div. 709) and *Buffalo Steel Co.* v. *Ætna Life Ins. Co.* (156 id. 453), cited by the appellant. In all these cases there was a question of the liability of the defendant under the policy on an issue which was involved in the trial of the primary action. The control by the insurance company of the action involving such issue was given to it by the policy to enable it to defend itself. But in the case at bar the issue whether notice of the accident was given by Helfer to the company was not involved in the action of the plaintiff against Helfer. The judgment in that action in no way affected that issue. Nothing that could be decided in the case of plaintiff against Helfer could

**122** MATTER OF TOWN OF MAMARONECK *v.* N. Y., ETC., WATER CO.

Second Department, November, 1922. [Vol. 203

affect the question of the validity of the defendant's defense that immediate written notice of the accident had not been given.

In my opinion the company, knowing all the facts in a case like the present, must elect whether it will stand on its rights and disclaim liability, or whether it will waive the defense and claim the right, under the policy, to control both the defense and the settlement of the action. It is neither just nor within the true meaning of the contract expressed in the policy to take away from the assured the valuable and important right of controlling the defense and determining whether or not the case should be settled, and at the same time, knowing all the facts, reserve the right to repudiate liability on the ground that immediate written notice of the accident was not given.

The judgment and order should be affirmed, with costs.

Present — BLACKMAR, P. J., KELLY, MANNING, KELBY and YOUNG, JJ.

Judgment and order unanimously affirmed, with costs.