HENRY C. FRANCIS *v.* LONDON GUARANTEE & ACCIDENT CO.

May Term, 1927.

Present:   WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Equity—Insufficiency of Chancellor's Findings—Burden of Proving Affirmative Defense—Chancellor's Duty as to Findings of Fact—When Papers and Documents are for Consideration by Supreme Court—Insurance—Cooperation of Insured in Defense of Action as Required by Policy—Forfeitures Not Favored—Waiver of Forfeiture.*

1.   Chancellor's findings that "the allegations in the plaintiff's bill of complaint have been proven and are true," *held* insufficient.

2.   In action against automobile owner's insurer for amount of judgment recovered against insured, defendant has burden of establishing affirmative defense that insured had failed to cooperate with defendant in defending original suit, in accordance with requirements of policy.

3.   Chancellor's finding that "the evidence introduced by the defendant is true," *held* not such finding as law requires, it being chancellor's duty to sift evidence and state facts, and no part of duty of Supreme Court to perform that service.

4.   Papers and documents, whatever their character, unless made a part of the record, cannot be considered, and should not be mingled with other papers that are properly before Court.

5. In action against automobile owner's insurer for amount of judgment recovered against insured, testimony as to some slight discrepancy between insured's report to insurer's counsel before trial of action against insured and insured's testimony at such trial, as to speed of his car when approaching point of collision, and further discrepancy in such statements as to sounding horn as insured approaching intersection of streets where collision occurred, *held* not to show so conclusively insured's failure to cooperate with insurer as required by policy, as to make chancellor's failure so to find error.

6. Under clause of liability insurance policy, that "the assured shall cooperate with the company, except in a pecuniary way, in the defense of claims and suits," etc., *held* that it was insured's duty to aid and assist insurance company in defense of suit against him, and that he was under obligation to give insurance company's counsel a full and truthful account of circumstances leading up to and attending accident, and to testify thereto when called as witness.

7. In action against automobile owner's insurer for amount of judgment recovered against insured, which was defended on ground that insured had failed to cooperate with insurer in action against insured, as required by policy, insured's deliberate failure to cooperate in certain particular, *held* harmless to defendant, and to have been waived by it, since lack of cooperation was discovered and truth ascertained by insurer before original trial, and with such knowledge insurer chose to go on with trial.

8. Forfeitures of policy contracts are not favored, and to avert them courts are always prompt to lay hold of any circumstance that indicates an election to waive a forfeiture already incurred.

9. Where insurer with full knowledge elects not to take advantage of a forfeiture, insurer is thereby bound to treat contract as if no cause of forfeiture had occurred.

APPEAL IN CHANCERY. Heard on pleadings and chancellor's findings of fact after the September Term, 1926, Rutland County, *Chase,* Chancellor. Decree for the plaintiff. The defendant appealed. The opinion states the case. *Affirmed and remanded.*

*Chase E. Novak* for the defendant.

Under the terms of the policy the right of plaintiff to recover against the insurer is dependent on and coextensive with the right which the insured would have to recover against insurance company under the policy had he paid the judgment. *Roth* v. *National Auto Mutual Casualty Co.*, 202 App. Div. 667, 195 N. Y. S. 865; *Schoenfeld* v. *New Jersey Fidelity & P. G. Ins. Co.*, 203 App. Div. 796, 197 N. Y. S. 606; 14 R. C. L., pp. 62, 63, § 21; *Lorando* v. *Gethro* (Mass.), 117 N. E. 185; *Williams* v. *Nelson* (Mass.), 117 N. E. 189.

Insured's conduct in connection with suit brought against him was characterized by fraud, bad faith, or misrepresentation as to the facts, prior to trial, whereby insurer was misled as to the facts and elected to contest claim instead of negotiating a settlement, and such conduct amounted to a failure to cooperate as required by policy, and would bar a recovery by insured against insurance company had he paid the judgment. *U. S. Fidelity & Guaranty Co.* v. *Williams*, 129 Atl. 660; *Collins* v. *Standard Acc. Ins. Co.*, 170 Ky. 27, 185 S. W. 112; Huddy on Automobiles, 5th ed., § 832; Berry on Automobiles, 5th ed., § 1980; *Colman* v. *New Amsterdam Cas. Co.*, 213 N. Y. S. 522; *Bassi* v. *Bassi* (Minn.), 205 N. W. 947.

*Jones & Jones* for the plaintiff.

Excepting party has burden of showing affirmatively by record that error was committed at the trial, and bill of exceptions must be construed most strongly against him. *St. Albans Granite Co.* v. *Elwell Co.*, 88 Vt. 483.

Supreme Court in reviewing findings cannot supplement them with evidence, nor test them by transcript further than exceptions require, and where evidence relied upon in support of exceptions is not part of record for that purpose, the exceptions should be overruled. *Partridge* v. *Cole*, 98 Vt. 373; *Powell* v. *Merrill*, 92 Vt. 124; *Gray et al.* v. *Brattleboro Trust Co.*, 97 Vt. 274; *Hitchcock* v. *Kennison*, 95 Vt. 327; *Colvin* v. *Gray*, 95 Vt. 518.

Findings of chancellor must stand, if there is evidence fairly and reasonably tending to support them. *Town of Bennington* v. *Fillmore & Slade et al.*, 98 Vt. 405; *Partridge* v. *Cole, supra.*

Powers, J.   The defendant insured Nellie M. Kelley against liability for damage caused by the operation of her Paige auto-

mobile. The policy was available to any person rightfully operating the car with her consent. While it was being operated by her husband, Patrick Kelley, rightfully and with her consent, it was in collision with the plaintiff's car. The plaintiff brought suit against Patrick Kelley for the damage resulting from this collision and obtained a judgment therein for the sum of $247.24. Execution for that sum was issued and returned *nulla bona.* Thereupon this suit in chancery was brought to charge the defendant with liability for the amount of that judgment.

The policy in question contains a provision that "the assured shall cooperate with the company, except in a pecuniary way, in the defense of claims and suits and in prosecuting appeals"; and the only defense herein made is based upon this provision,—it being the defendant's claim that Patrick Kelley falsified in his representations to it while it was investigating the plaintiff's claim and preparing to defend the original suit as required by the policy.

The facts herein were found by the chancellor, and the decree below was for the plaintiff. The defendant appealed. The findings are inadequate.

[1, 2] The chancellor merely says that "the allegations in the plaintiff's bill of complaint have been proven and are true." This is wholly insufficient, and ordinarily would cause us to remand the case for adequate findings. But in the circumstances of this case, we can make it suffice, since the only defense made is an affirmative one on which the defendant carried the burden of proof. *Patterson's Admr.* v. *Modern Woodmen,* 89 Vt. 305, 317, 95 Atl. 692.

[3] The chancellor further reports that "the evidence introduced by the defendant is true." This is not such a finding as the law requires. It was the duty of the chancellor to sift the evidence and state the facts (*Raithel* v. *Hall,* 99 Vt. 65, 70, 130 Atl. 749), and it is no part of the duty of this Court to perform that service. See *Josselyn* v. *Ludlow,* 44 Vt. 534, 538; *Hooper, Trustee* v. *Kennedy,* 100 Vt. 376, 138 Atl. 778. This statement, therefore, will be disregarded.

The chancellor then goes on to say that he fails to find that Patrick Kelley did not cooperate with the defendant as required by the policy. To this, and to the decree, the defendant excepted.

[4]   It is quite apparent that this failure to find concludes the defendant unless, upon the record, it must be said that, as matter of law, an affirmative finding in the defendant's favor was required by the evidence.   The transcript of the evidence taken by the chancellor is referred to and made a part of the record and is before us for consideration.   But no reference is made to the exhibits used at the trial, and these are not before us.   We said in *O'Boyle* v. *Parker-Young Co.*, 95 Vt. 58, 63, 112 Atl. 385, 387, that "Papers and documents, whatever their character, unless made a part of the record, cannot be considered, and should not be mingled with other papers that are properly before the court."   This accords with the well-established rule. *Sargeant* v. *Leland*, 2 Vt. 277, 279; *Thompson-Starrett Co.* v. *Ellis Granite Co.*, 86 Vt. 282, 292, 84 Atl. 1017; *Vermont Marble Co.* v. *Eastman*, 91 Vt. 425, 440, 101 Atl. 151; *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 274, 122 Atl. 670.

The right of the defendant to show Kelley's lack of cooperation, unparticipated in by this plaintiff, as a defense to this suit is not called in question here, and we give that subject no attention.

[5]   To make a defense it was necessary for the company to show that Kelley failed to cooperate with it in such a way as to prejudice it.   To establish this, the defendant, after showing what Kelley told its attorney regarding the accident and other facts, put in evidence the transcript of the testimony given by Kelley and R. S. Pike at the trial of the original case against Kelley.   But this transcript is not made a part of the record and under the rule above referred to is not for consideration here.   However, enough appears to enable us to pass upon the questions raised by the exception to the chancellor's failure to find.   The defendant's counsel testified before the chancellor and from his testimony it appears that there was some slight discrepancy between Kelley's report as to the speed of his car when approaching the point of the collision as given to such counsel before the trial and his testimony on that subject at the trial of the original suit.   But this discrepancy was altogether too trivial to require us to say, as a legal conclusion, that it established a failure to cooperate.

It also appears from this witness that Kelley told him that when his car approached the intersection of streets where the collision occurred he sounded the horn; and that when he

saw that the plaintiff's attention was diverted he gave further warning by sounding two or three sharp blasts of his horn. Whereas, Kelley testified at the trial of the original suit that he did not think he sounded the horn when he approached such intersection.   Which of these statements embodied the truth is not shown by the record.   We cannot say that lack of cooperation is conclusively shown, and if it was the forfeiture was waived as we shall see.

The attorney further testified that while he was preparing the original case for trial, Kelley told him that right after the accident he took his car to a certain garage in Rutland and had his brakes taken up because they were in bad condition and he did not dare to run the car longer without this adjustment; and that upon his immediate investigation, this statement turned out to be without foundation and untrue.   This testimony was un-contradicted and unimpeached.

[6-9]   Under the cooperation clause of the policy, it was the duty of Kelley, in good faith to aid and assist the company in its defense of the Francis suit.   The very first obligation he was under was to give defendant's counsel a full and truthful account of the circumstances leading up to and attending the accident and to testify to the same when called as a witness. This he did not do.   In the matter of his brakes, he deliberately and wilfully falsified in such a way and on such a subject as might well have resulted in inducing defendant to settle the claim without contest.   But this deliberate failure to cooperate did no harm to the defendant, for it was discovered and the truth ascertained before the trial came on and knowing all this the defendant chose to go on with the trial before the jury.

It has come to be well-established in the law of insurance that forfeitures of policy contracts are not favored and that to avert the same courts are always prompt to lay hold of any circumstance that indicates an election to waive a forefeiture already incurred.   So it is that an insurer who with full knowledge elects not to take advantage of a forfeiture is thereby bound to treat the contract as if no cause of forfeiture had occurred.   *Webster* v. *State Mut. Fire Ins. Co.*, 81 Vt. 75, 80, 69 Atl. 319; *Bates* v. *German Commercial Acc. Co.*, 87 Vt. 128, 131, 88 Atl. 532, Ann. Cas. 1916C, 447.   This is just the situation of the case in hand.   All the facts regarding the brakes were known to the defendant through its counsel before the trial of the

original suit. Nevertheless, the defendant chose to go on with that trial without asserting the forfeiture. It deliberately took the chance of a trial and it was only after a verdict was rendered adverse to its interests that it made any claim that it was released from liability by Kelley's conduct. This action was so inconsistent with a purpose to assert the forfeiture and so convincing of an intent to waive it that it must be held to amount to a waiver as matter of law. So the facts relied upon, if proved, would not amount to a defense here, and any error in the failure to find is wholly harmless.

*Decree affirmed and cause remanded.*