HERMAN GERKA, Appellant, *v.* THE FIDELITY AND CASU-
ALTY COMPANY OF NEW YORK, Respondent.

52

(Argued April 30, 1929; decided May 28, 1929.)

*William F. McNulty, Harold R. Medina, Jacquin Frank* and *David M. Fink* for appellant. A fair and reasonable interpretation of the conditions of the policy requires a holding that the defendant was not relieved of liability under the circumstances here presented. (*Bushey & Sons* v. *American Insurance Co.*, 237 N. Y. 24; *Silverstein* v. *Commercial Casualty Insurance Co.*, 237 N. Y. 391; *Paskusz* v. *Phila. Casualty Co.*, 213 N. Y. 22; *Michael* v. *Prussian Nat. Insurance Co.*, 171 N. Y. 25; *Janneck* v. *Metropolitan Life Ins. Co.*, 162 N. Y. 574; *Zivitz* v. *Maryland Casualty Co.*, 192 App. Div. 83; *Finucane* v. *Standard Accident Ins. Co.*, 184 App. Div. 280; *Marshall* v. *Commercial Travelers Acc. Assn.*, 170 N. Y. 437; *Paul* v. *Travelers Ins. Co.*, 112 N. Y. 477; *Byrd* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 407.) By its acts and conduct in defending the personal injury action the defendant must be deemed to have waived the provisions of the con-

dition in its policy. In any event the issue of waiver raised a question of fact for the jury. The Appellate Division, therefore, erred in dismissing the complaint. (*Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; *Farrell* v. *Merchants M. A. L. Ins. Co.*, 203 App. Div. 118; *Utterback-Gleason Co.* v. *Standard Acc. & Ins. Co.*, 193 App. Div. 646; 233 N. Y. 549; *Sachs* v. *Indemnity Casualty Co.*, 170 App. Div. 494; *Rosenblum* v. *Indemnity Casualty Co.*, 153 App. Div. 23.)

*Edward P. Mowton* for respondent. The judgment in the damage action having been based upon the theory that plaintiff's injuries were due to the negligence of an employee of the insured while driving a horse attached to a wagon, and the age of that employee having been found to be under sixteen years, the condition of the policy was breached and the insurance company released from liability. (*Richard* v. *Credit Suisse*, 242 N. Y. 346; *Gordon* v. *Mass. Bonding & Insurance Co.*, 229 N. Y. 424; *Grant* v. *Knepper*, 245 N. Y. 158.)

HUBBS, J. The plaintiff recovered a judgment against the Eagle Wet Wash Laundry Company, a corporation, in an action for personal injuries caused by one of its vehicles. The laundry company was insolvent and an execution issued against it was returned unsatisfied. The defendant insurance company had issued a teams liability policy to the laundry company, insuring it against loss and damage growing out of injury to third persons by its horse-drawn vehicles. The policy contained a provision that, in case of the insolvency of the laundry company, a judgment creditor, in an action against it, who had recovered a judgment against it for a loss covered by the policy, might maintain an action against the insurance company to recover such loss, subject, however, to all the terms and conditions of the policy.

The policy in question contains a clause, referred to as " Clause B," which reads:

"B — This policy does not cover loss from liability for, or any suit based on, injuries or death caused by any draught animal, driving animal, or vehicle while being driven by or while in charge of any person who is either under the age fixed by law for drivers, or who is in any event under the age of sixteen years."

This action is defended upon the ground that the vehicle which injured the plaintiff was, at the time, in charge of and the horse was being driven by a boy under sixteen years of age.

The defendant is entitled to avail itself of any defense, in this action brought against it by a judgment creditor, which it could have urged in defense of an action against it brought by the insured. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281.)

Shortly before the accident a driver named Selesnik left the insured's place of business with a horse and wagon for the purpose of picking up laundry. His helper, a boy named Pagano, under sixteen years of age, was with him. The driver drove in front of a house, got off the wagon and went into the house to get some laundry. The boy, Pagano, was left on the wagon. The driver left the reins fastened to the dashboard. The wagon stood out about seven or eight feet from the curb. The boy took hold of the reins to drive the rig nearer the curb and while the rig was moving the plaintiff was injured. He recovered a judgment against the insured for such injuries. Upon the trial of this action against the insurance company the learned trial justice left it to the jury to determine as a question of fact whether plaintiff's injuries were caused by a " vehicle while being driven by or while in charge of any person * * * under the age of sixteen years " within the meaning of the policy. The jury found in favor of the plaintiff. The Appellate Division has decided to the contrary, holding as a matter of law that liability for the injuries in question was not

covered by the policy. As the judgment was reversed by the Appellate Division upon the law and the facts and the complaint dismissed, it is necessary for this court to determine whether a question of fact is presented by the evidence.

The jury might have found from the evidence that the president of the insured was familiar with the clause of the policy in question and that he had given strict instructions that no helper was to be allowed to drive. He had never seen the boy, Pagano, on a wagon without a driver being present and had never seen him drive. Every wagon had a driver and a helper, whose business it was to remain with the wagon and watch the wagon when the driver was absent gathering up packages of laundry and to see that the bundles in the wagon were not stolen. There was a rule in the plant " that no driver is to allow his helper at any time to touch the reins to drive." Drivers were employed for that purpose. The driver, Selesnik, and the boy, Pagano, each testified that at the time of the accident the driver was in charge of the wagon, and that the boy was left, when the driver went for laundry, to watch the wagon and the laundry in it. As the verdict of the jury was in favor of the plaintiff it must be assumed that the facts were found as stated.

The policy was prepared by the defendant and, in case of ambiguity, must be construed against it. (*Marshall* v. *Commercial Travelers Mut. Accident Assn.*, 170 N. Y. 434; *Michael* v. *Prussian National Insurance Co.*, 171 N. Y. 25; *Bushey & Sons* v. *American Insurance Co.*, 237 N. Y. 24.)

The defendant contends that it is not liable because a boy under sixteen years of age had hold of the reins and was guiding the horse at the time of the accident. Under that construction of the policy the defendant would not be liable if a boy on the street under sixteen years of age had jumped on the wagon, started the horse and injured someone. We think that construction is not

justifiable. The policy is intended to indemnify the assured against a loss suffered because of an injury to a third person by one of its vehicles. If such a loss is caused by a boy under sixteen years of age over whom the insured has no control, by starting a horse, the policy covers the loss. If the insured permits a boy under that age to drive a vehicle and have charge of it, and an injury results to a third person, the policy does not cover.

The insured furnished a proper driver, placed him in charge of the rig, gave strict instructions that the helper was not to be allowed to drive, and had a rule " that no driver is to allow his helper at any time to touch the reins to drive." The boy did touch the reins in violation of instructions without the knowledge or consent of the insured or the driver. He was a volunteer acting on his own initiative, and his act was no more binding upon the insured, within the meaning of the policy, than would have been the same act if performed by a boy on the street.

The clause in question was undoubtedly placed in the policy to protect the insurer from the extraordinary hazard caused by placing young boys in charge of horses. The average person in reading the policy would so understand it.

No question of waiver is involved in this case, as clause B of the policy excepts the risk therein referred to from coverage by the policy. It provides that the policy does not cover in case of an injury to a person by a vehicle while being driven by or in charge of a person under sixteen years of age. (*Draper* v. *Oswego County Fire Relief Association*, 190 N. Y. 12.)

In any event there was a question of fact which should have been submitted to the jury to determine. That is, whether the defendant had estopped itself from relying on the provision of the policy in question by defending the negligence action with knowledge that the boy Pagano was under sixteen years of age at the time of the

accident. A month before the trial of the negligence action, Pagano told the attorney for the defendant his age. The attorney then wrote a letter to the insured, stating that he had just learned that Pagano, at the time of the accident, was under sixteen years of age. He then stated: " Under the circumstances, we are hereby advising you that further handling of this case on our part in behalf of The Fidelity & Casualty Company of New York, is being done under a full reservation of all policy rights, pending a complete and thorough investigation of all the facts connected with the matter."

The jury might have found that thereafter the president of the insured called upon the attorney for the defendant and said: " I told Mr. Diggins that on the advice of my counsel we could not accept their reservation: that we paid for a policy and did not intentionally breach that policy, and we would hold them to it and that they would either protect us under the policy or we would take our own lawyer and hold them liable for whatever we might lose thereby."

The defendant did not at any time offer to turn over the papers in the action to the insured. It continued with the defense of the action, paid the witness fees, conducted the trial, appealed to the Appellate Division, and offered to pay the plaintiff a sum of money to settle the action. Its conduct was inconsistent with its later claim of non-liability under the policy. When it proceeded with the defense of the negligence action, with knowledge of its claimed defense under the policy, it made its election and estopped itself from now urging that defense. ( *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 App. Div. 646; affd., 233 N. Y. 549; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455.)

The decision of this court in *Mason-Henry Press* v. *Ætna Life Ins. Co.* (211 N. Y. 489), relied upon by the learned trial justice, is not in conflict. In that case the insurer was not informed that the boy whose negligence

caused the injury was under sixteen years of age until the trial of the case. To the same effect is the case of *Gordon* v. *Massachusetts Bonding & Insurance Co.* (229 N. Y. 424).

The judgment of the Appellate Division in so far as it dismisses the complaint should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.