JOSEPH B. GOERGEN *vs.* MANUFACTURERS CASUALTY INSURANCE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 7th—decided June 20th, 1933.

George E. Beers and William L. Beers, for the appellant (defendant).

William J. Carrig, for the appellee (plaintiff).

HINMAN, J. The plaintiff brought an action against a Mrs. Tucker for damages for injuries suffered by alleged negligence in the operation of an automobile owned by her, liability for which was covered by a policy issued by the present defendant. Subsequently Paul R. Cashman, who was driving the car at the time of the accident, was cited in as a defendant and the action was withdrawn as against Mrs. Tucker. Cashman as the operator of the car was an additional insured under the terms of the policy and the present defendant ultimately caused appearance in his behalf to be entered by counsel, who undertook the defense and continued in control and management of it until the case terminated in verdict and judgment for the plaintiff.

The plaintiff, after execution against Cashman was

returned unsatisfied, then brought the present action, under § 4231 of the General Statutes, to recover the amount of the judgment from the defendant insurer. The defendant, in addition to other matters not of present moment, alleged in its answer that Cashman failed to coöperate in the defense of the original action by attending and giving evidence on the trial. The plaintiff replied that by entering into and continuing in the trial until judgment the defendant waived any right to disclaim liability under the policy because of lack of coöperation. The policy contained a condition (C) that "The assured, when requested by the Company, shall aid in effecting settlements, securing evidence, the attendance of witnesses and in prosecuting appeals." This condition was binding upon Cashman as an additional assured. During the court week ending June 17th, 1932, the case against Cashman was on assignment for trial and he was in daily attendance until Friday afternoon, when the case was excused until the next Tuesday to follow a case specially assigned for that day. Cashman was requested by counsel to be in court Tuesday morning and he promised to do so. At the opening of court on Tuesday the case was called for trial but Cashman failed to appear. Defendant's attorney informally so stated to the court and to plaintiff's counsel and that he was an important witness, had been in attendance and had promised to appear, and that counsel could not understand why he was absent, and suggested a continuance. Plaintiff's counsel objected and the court directed that the trial proceed. Defendant's counsel did not then or later attempt to withdraw from the case, declare a breach of the policy, disclaim liability, or reserve the defendant's rights under the policy. At the mid-morning recess efforts were made by telephone to locate Cashman but without success. The counsel provided by

this defendant, without moving for a continuance, remained in the case, when the plaintiff rested early in the afternoon, produced and examined a witness, filed requests to charge, and argued the case to the jury. The same afternoon a verdict was rendered for the plaintiff for $700 damages.

It afterward developed, the court finds, that Cashman had no intention of absenting himself from the trial, but having been in New York over the week-end returned to New Haven early Tuesday morning and went to his home and to sleep, believing that because of the Yale Commencement exercises on that day and the special assignment of the case preceding his own, his appearance in court would not be necessary before the following day. He appeared in court on Wednesday morning expecting to testify but then found that the case had been concluded the previous afternoon.

The day following the trial the counsel wrote the present defendant describing what had occurred, and advising it to disclaim liability under the policy, and it refused to pay the judgment but, the finding states, so far as appears the first formal disclaimer was by the answer filed in the present case.

Upon the facts found, the trial court held that while Cashman was not guilty of bad faith and did not wilfully refuse to attend and testify or intend to abandon the defense of the cause, his conduct constituted a failure to coöperate amounting to breach of condition "C" of the policy but concluded, further, that counsel should have declared a breach and disclaimer of liability and either withdrawn from the case or reserved defendant's rights under the policy before proceeding with the trial or upon the breach, and that by his failure to do so the defendant waived whatever breach Cashman may have committed, and is estopped to assert it against the plaintiff after his interest in the

proceeds of the policy had attached by reason of the verdict and judgment. The validity of this latter conclusion is determinative of the appeal. The plaintiff's rights against the defendant are by subrogation to those of Cashman as an insured and are no different or more advantageous as to the consequences of his breach but, equally, the plaintiff stands in Cashman's shoes as to any waiver or estoppel which would preserve availability of the latter's rights notwithstanding such breach. *Rochon* v. *Preferred Accident Ins. Co.*, 114 Conn. 313, 315, 158 Atl. 815; *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 142 Atl. 269; *Daly* v. *Employers Liability Assur. Corp., Ltd.*, 269 Mass. 1, 168 N. E. 111; note, 72 A. L. R. p. 1506, and cases cited.

It is generally recognized that waiver of an assured's breach of the coöperation clause, or estoppel to take advantage of it, may arise from the insurer undertaking and continuing with the defense of an action against him with knowledge of the facts constituting the breach. Differences in result in the many cases are attributable to variations in the facts and circumstances involved and the application of the general principle to them. The rule has been applied and waiver or estoppel held to obtain in most cases where the insurer had full knowledge of the facts constituting a breach, by failure to coöperate, before undertaking the defense of the action against the assured, but elected to proceed with it without notifying the assured that it disclaimed liability or that by continuing in the case it did not waive any defense based upon the breach, until after an unfavorable verdict. *Daly* v. *Employers Liability Assur. Corp., Ltd., supra; Francis* v. *London Guarantee & Accident Co.*, 100 Vt. 425, 138 Atl. 780; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51, 167 N. E. 169; *Lunt* v. *Aetna Life Ins. Co.*, 261 Mass. 469, 159 N. E. 461; *Killeen* v. *General Accident*

*F. & L. Assur. Corp.*, 227 N. Y. Sup. 220; *Brandon* v. *St. Paul Mercury Indemnity Co.*, 132 Kan. 68, 294 Pac. 881; 72 A. L. R., note, p. 1493. As stated in the *Francis* case (100 Vt. 425) *supra*, the reason is that where, although the facts constituting the breach were known to the insurer through its counsel before trial, it chose to go on, deliberately took the chance of a trial, and only after an adverse verdict made any claim that it was released from liability by the assured's conduct; "this action was so inconsistent with a purpose to assert the forfeiture and so convincing of an intent to waive it that it must be held to amount to a waiver as a matter of law."

Cases in which knowledge of breach by failure to coöperate was not obtained by the insurer until the trial present more difficulty and exhibit a greater variation in views and results, but they predominantly recognize the admissibility of a finding of waiver of breach, at least as a question of fact. *Solomon* v. *Preferred Acc. Ins. Co.*, 229 N. Y. Sup. 257; *Ohrbach* v. *Preferred Acc. Ins. Co.*, 237 N. Y. Sup. 494; *Seltzer* v. *Indemnity Ins. Co.*, 252 N. Y. 330, 169 N. E. 403; *United States F. & G. Co.* v. *Remond*, 221 Ala. 349, 129 So. 15; *New Jersey Fidelity & Plate Glass Ins. Co.* v. *McGillis* (C. C. A.) 42 Fed. (2d) 789; 72 A. L. R. 1496; Huddy, Cyclopedia of Automobile Law, Vol. 13-14, § 299. Determination as to whether the facts found support the conclusion of waiver and estoppel in the present case involves a consideration of what, if anything, the insurer by its counsel should have done other than he did when confronted with the unexplained absence of Cashman at the opening of and during the trial. There was no immediate opportunity to give Cashman notice of disclaimer as in *McGee* v. *United States F. & G. Co.*, 53 Fed. (2d) 953. The first move naturally and plainly indicated by the situation was

to attempt to secure a continuance until the missing party and witness could be located and his attendance secured. It is found that counsel informally suggested a continuance but plaintiff's attorney objected and the court directed the trial to proceed, but it does not appear that the suggestion was renewed or any formal motion for a continuance made when Cashman remained absent and could not be located. It is clear from the finding that no notice or intimation was given to the plaintiff of any intention or disposition of the present defendant to disclaim responsibility for the conduct of the defense of the action or liability for any judgment resulting from the trial. While technically the plaintiff had no rights against the defendant under the policy until after judgment, he had an inchoate right upon the accrual of which, manifestly, he depended for satisfaction of any judgment which he might obtain. Huddy, *supra,* Vol. 13-14, § 320, p. 425; *Lorando* v. *Gethro,* 228 Mass. 181, 117 N. E. 185. He doubtless knew that, as the finding shows, Cashman was execution proof and that his only recourse for collection of a judgment was to the insurer. Had he been faced, at the beginning of the trial or during it, with the alternative of submitting to a continuance or to a disclaimer of liability by the insurer, it is fairly to be assumed that he would have chosen the former and that the trial court, upon a joint request and a disclosure of the circumstances would not have forced an immediate completion of the case. Even if it had done so and, in consequence, the defendant had disclaimed, the plaintiff would have been given opportunity to avoid the expense and costs incident to pursuit of his action to a verdict and judgment which, without the insurer's indemnity, would be valueless.

The answer to the appellant's suggestion that the existence of insurance could not be disclosed to the jury

with propriety obviously is that their presence would not be necessary, motion for a continuance being addressed to the court and notice of disclaimer to the plaintiff. Assuming the correctness of the appellant's contentions that the general duty of defendant's counsel as an attorney required or at least warranted his continuing to conduct the defense, notwithstanding his nominal client's absence, instead of withdrawing and abandoning it, and that his failure to do more than he did to procure a postponement is to be regarded as, at most, an error of judgment, in our view the omission which was really misleading and prejudicial to the plaintiff was the failure to dispel the inferences naturally to be drawn from the course pursued. So far as the plaintiff could apprehend, its significance was like that attributed under similar circumstances by Macdonald, J. A., in *Cadeddu* v. *Mt. Royal Assurance Co.* (1929) 2 D. L. R. 867, 875, "His action . . . was a clear indication not of an intention to repudiate but of an election to proceed in the hope that notwithstanding . . . he might successfully resist the claim. He could only continue to act on the footing that the appellant company was vitally concerned." See also *Francis* v. *London Guarantee & Accident Co., supra; Moses* v. *Ferrel and Indemnity Co.,* 97 Pa. Sup. Ct. 13. Therefore we cannot hold that the conclusion of waiver and estoppel was not justified, and it must stand.

There is no error.

In this opinion the other judges concurred.