Per Curiam.

Plaintiff as judgment creditor of the insured had no greater rights against the defendant insurance company than those of an insured seeking repayment from his company (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Shalita v. *358 American Motorists Ins. Co., 266 App. Div. 131, motion for leave to appeal denied 266 App. Div. 885, motion for leave to appeal denied 291 N. Y. 831).
The absence and nonavailability of the insured in the original action was prima facie proof of the insured’s breach of the terms and conditions of the policy; the insured’s failure to co-operate with the insurer, caused by his absence, was a breach of the policy. The plaintiff was thereupon required to come forward with an explanation or excuse of such absence and, having failed to do so, the uncontroverted proof of the defendant established the insured’s breach of the terms and conditions of the policy (Schoenfeld v. New Jersey Fidelity & Plate Glass Ins. Co., 203 App. Div. 796; Shalita v. American Motorists Ins. Co., supra; Rushing v. Commercial Cas. Ins. Co., supra).
The conduct of the defendant company in the defense of the original action, despite the absence of the insured defendant, up until the point where the answer of the insured defendant was stricken out for failure to appear for an examination before trial, was proper and did not constitute a waiver of defendant’s right to disclaim liability (Briskman v. Glen Falls Ind. Co., 251 App. Div. 319; Shalita v. American Motorists Ins. Co., supra).
The defendant company was not bound to anticipate that the insured would not appear in time for the trial. But that having occurred, the defendant company’s withdrawal, because of the absence of the insured and the impossibility of providing a defense, was sufficient to preserve its choice to stand at least upon that ultimate breach of the contract (Briskman v. Glens Falls Ind. Co., supra; Shalita v. American Motorists Ins. Co., supra).
The judgment should be unanimously reversed on the law and facts, with costs to the defendant, and judgment directed for the defendant dismissing the complaint, with costs.
Pette, Arkwright and Brown, JJ., concur.
Judgment reversed, etc.