ADA D. ROCHON *vs.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued November 4th, 1931—decided February 16th, 1932.

*J. Warren Upson,* for the appellant (defendant).

*Michael V. Blansfield* and *Harry Krasow,* with whom, on the brief, was *Herman B. Engelman,* for the appellee (plaintiff).

BANKS, J. This action is brought under General Statutes, § 4231, by which, if the defendant in an action to recover for personal injuries is insured against loss from such liability, the judgment creditor is subrogated to the rights of the assured against his insurer. The complaint alleged that, in consideration of a premium paid by Fred A. Spencer and Josephine A. Spencer, the defendant issued its policy insuring them against loss by reason of injury to any person caused by the automobile mentioned in the policy, in accordance with its terms; that on and prior to December 21st, 1929, Spencer entrusted the automobile to Philip Duphiney to be driven by him on the highways of Waterbury; that on that date Duphiney took the automobile with the permission of Spencer and, while operating it in the city of Waterbury, negligently ran into an automobile in which the plaintiff was a guest; and that thereafter the plaintiff brought an action against Duphiney claiming damages by reason of injuries caused by his negligent operation of the automobile, which action the defendant herein entered and defended, and in which she was awarded damages of

$1000 and costs. The defendant filed a special defense in which it alleged that by the terms of its policy the unqualified word "assured" included any person legally using the automobile with the permission of the named insured, that the policy provided that the "assured" should "co-operate with the company" in various respects recited therein, that Duphiney represented to the company that he was not in fact operating the car at the time of the accident, which statement was untrue and made with intent to deceive the defendant, and cause it to undertake the defense of the action, and was a breach of his duty under the policy, and constituted failure to co-operate. The plaintiff demurred to this defense on the ground (1) that it was not alleged that the conduct of Duphiney therein set out was a breach of his duty under the policy, and (2) that his statements and representations did not constitute a failure to co-operate under the policy. The defense did expressly allege that the conduct of Duphiney constituted a breach of duty, and in any event the first ground of demurrer was too general. The court sustained the demurrer upon the second ground, stating in its memorandum that the representations of Duphiney were confirmed by his testimony upon the prior trial, and that this testimony may have been true though disbelieved by the jury. The court apparently decided the demurrer upon information it had regarding the evidence produced upon the trial of the action against Duphiney. This of course it was not permitted to do. The demurrer admitted the facts alleged in the special defense, and other facts could not be assumed or imported into it to affect the decision upon the demurrer.

The plaintiff is subrogated to the rights of the assured, but has no greater rights, and cannot recover from the insurance company if the insured, because

of any breach of the condition of the policy, could not recover. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 142 Atl. 269. Under a policy containing, as one of its conditions, a requirement that the assured shall co-operate with the company, the latter has a right to the assistance of the assured in the event of any accident which may result in a claim under the policy, and such assistance requires of the assured a truthful statement of the facts upon which the claim may be based in order that the company may determine for itself whether it should contest the claim. *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 160 N. E. 367; *Seltzer* v. *Indemnity Ins. Co.*, 252 N. Y. 330, 169 N. E. 403; *Metropolitan Casualty Ins. Co.* v. *Blue*, 219 Ala. 37, 121 So. 25. The special defense alleges that the representation made by Duphiney, that he was not operating the car at the time of the accident, was not only untrue but made deliberately with intent to deceive the defendant, and cause it to undertake the defense of the action. This is an allegation of facts sufficient, if found to be true, to justify a finding of failure to co-operate on the part of the assured, and a consequent breach of this condition of the policy. In *Guerin* v. *Indemnity Ins. Co., supra,* relied on by the plaintiff, it was not found that the information furnished to the company was intentionally false.

Duphiney was not the named assured in the policy but, under its terms, was the "assured" if he was legally operating the car with the permission of the named assured. That he was so operating it is alleged in the complaint, but is not expressly alleged in the special defense. The demurrer, however, does not attack the special defense because of the lack of such allegation, and the question whether it was for this reason insufficient was not raised or considered by the trial court.

It is unnecessary to consider the other assignments of error other than to note that the amendment of the complaint upon the trial left it with no allegation that Duphiney was operating the car with the permission of the named assured, a fact which was necessary to constitute him an "assured" under the terms of the policy, and, further, that, while the complaint contained an allegation that the named assured had fulfilled all his obligations under the policy, it contained no such allegation as to Duphiney.

There is error and a new trial is ordered.

In this opinion the other judges concurred.