CONNECTICUT WHOLESALE DRUG COMPANY *vs.* NEW ENGLAND FIRE INSURANCE COMPANY.

STERN-MERRITT COMPANY *vs.* NEW ENGLAND FIRE INSURANCE COMPANY.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 2d—decided July 10th, 1936.

*William J. Carrig* and *Samuel Platcow,* for the appellants (plaintiffs).

*J. Dwight Dana,* with whom, on the brief, was *Frank E. Callahan,* for the appellee (defendant).

BANKS, J. These cases involve the same issues, were tried together, and it is stipulated that the same judgment shall be entered in each. There is a finding only in the case of the Connecticut Wholesale Drug Company and the discussion will be confined to the facts of that case. Anna Santamauro was a common carrier for hire of merchandise by auto truck, and was insured under a policy issued by the defendant upon shipments of goods on either of two motor trucks described in the policy, against loss or damage to such goods owned by the assured or for which the assured might be legally liable. One of these trucks and its contents consisting of merchandise owned by the plaintiff and other shippers were entirely destroyed by fire. The assured presented to the defendant a proof of loss in the sum of $4786.62 which the defendant paid in full satisfaction and discharge of its liability under its policy, receiving from the assured a written release of all claims and demands under the policy. The plaintiff was insured by the Automobile Insurance Company of Hartford which paid it the amount of its loss. It thereafter brought suit on behalf of the Automobile Insurance Company against the assured Santamauro for its loss and recovered a judgment for $2897. This judgment has not been satisfied, and the present action was brought to recover the amount of it from this defendant.

The plaintiff claims a right to recover from the defendant the amount of its loss by virtue of the provisions of § 4231 of the General Statutes which is set out in the footnote. The defendant contends that this

---

"Sec. 4231. LIABILITY OF INSURER UNDER ACCIDENT OR HEALTH POLICY. Each insurance company which shall issue a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a

statute was intended to apply solely to policies issued to owners of automobiles to protect them against liability by reason of damage to the person or property of third persons caused by the operation of the automobile for which the insured might be liable, and that the policy here involved is not of that type. It further claims that, even if the policy is within the purview of the statute the payment made by it to the assured in satisfaction of its liability under the policy is a complete defense to this action. We confine our discussion to the question raised by the latter claim assuming, without deciding, that the statute is applicable in the case of a loss under the policy here involved.

The statute provides that a judgment creditor of the assured, whose judgment has not been satisfied within thirty days, shall be subrogated to the rights of the assured, and gives him a right of action against the insurer to the same extent that the assured could have enforced his claim had he paid the judgment against him. It is clear from the language of the statute that

---

loss shall occur under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured shall have become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment shall not be satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

the judgment creditor's rights under the statute are obtained by subrogation to the rights of the assured, and that he has no greater rights under the policy than the assured himself. We have repeatedly so held. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 653, 142 Atl. 268; *Rochon* v. *Preferred Accident Ins. Co.*, 114 Conn. 313, 315, 158 Atl. 815; *Bartlett* v. *Travelers Ins. Co.*, 117 Conn. 147, 153, 167 Atl. 180. The statute further provides that whenever a loss shall occur under such a policy the insurance company shall become absolutely liable, also that the right of recovery under the policy may not be defeated by its cancellation or annulment after the assured's liability for the loss has accrued. The trial court has found that the assured fully complied with all the terms and conditions of the policy, and the plaintiff contends that the liability of the insurance company thereupon became absolute, and could not be defeated by any subsequent act of the insured or the company.

It is true that, the assured having complied with all the terms and conditions of the policy, the insurance company would then have no defense to an action by her on the policy, nor would it have any defense to an action by the plaintiff as a judgment creditor of the assured such as it was held to have in the *Guerin* and *Rochon* cases, supra, in which there was claimed to be a breach by the assured of one of the conditions of the policy. But the insurance company, having no defense to an action on the policy, has paid the insured the full amount of the loss claimed and received a release of all claims and demands thereunder. Obviously, when the plaintiff's judgment was rendered against the assured, the latter had no right of action against the insurance company since her claim had been fully paid. Consequently the plaintiff had none unless the adjustment by the insurance company with

the assured of the loss under the policy was a violation of the rights of the plaintiff, which it was the purpose of the statute to safeguard by prohibiting any cancellation or annulment of the policy by agreement between the insurance company and the assured, after the latter had become responsible for the loss. The insurance company, before suit was commenced by the plaintiff against the assured, made payment of the loss to the latter as it was bound to do under the terms of its policy. Upon the face of that transaction this was not a cancellation or annulment, but a performance of the policy agreement. Nothing appears in the record to indicate that the settlement of the claim was other than what it purported to be, or that it was not made in good faith, or was made by collusion with the assured for the purpose of defeating the rights of the plaintiff.

In *Bartlett* v. *Travelers Ins. Co.,* supra, the insurance company, while the plaintiff's case was pending against the assured, settled other claims against the insured arising out of the same accident, and we held that the company could be liable to the plantiff only for the limit fixed in the policy reduced by the amounts so paid in settlement, and said (p. 153) that the settlement of these claims "cannot be regarded as cancellation or annulment of the policy, as the appellant claims, but, rather, a performance of the policy agreement." The settlement in that case was made with persons having claims against the assured, but the settlement of the company in the present case directly with the assured had the same legal effect of discharging its obligation under the policy to the extent of the payment made.

In view of our conclusion as to the effect of the adjustment of the loss by the insured upon the plaintiff's right of recovery against the insurance company

under the statute, it is unnecessary to consider the further claim of the defendant that the fact that the plaintiff was insured against loss precludes a recovery by it in this action.

There is no error in either case.

In this opinion the other judges concurred.