[Civ. No. 1832. Fourth Appellate District.—April 16, 1937.]

GEORGE DONATO, Respondent, v. JOHN LOPOPOLO et al., Appellants.

Ray W. Hays and A. A. George for Appellants.

John D. Chinello and Rae B. Carter for Respondent.

MARKS, J.—Plaintiff brought this action to recover damages suffered in a motor vehicle collision. He recovered judgment for $5,000 and this appeal followed.

The collision occurred at about 8 o'clock P. M. on December 27, 1935, in the intersection of two public streets of the city of

Fresno. The plaintiff was driving a light truck and it is alleged that Jack Lopopolo was driving a sedan belonging to John Lopopolo, his father, with the owner's consent.

Defendants present two grounds for reversal of the judgment: First, that the evidence shows plaintiff guilty of contributory negligence as a matter of law, and, second, that it shows that the sedan was being driven, not by Jack Lopopolo, but by Dan Lopopolo, his younger brother, who was driving the car without his father's express or implied consent and against his express command.

█ The accusation of contributory negligence is brought against plaintiff for the reason that several witnesses for defendants gave testimony supporting the conclusions that the truck of plaintiff was not equipped with headlights and that they were not illuminated at the time of the accident as required by sections 618 and 619 of the Vehicle Code. In contradiction of this evidence there is testimony by plaintiff and other witnesses supporting the contrary conclusions that the truck was equipped with the requisite headlights and that they were illuminated at the time of the accident.

█ Defendants' argument that Dan and not Jack Lopopolo was driving the sedan discloses a most unusual situation. The deposition of Jack Lopopolo was taken and placed in evidence by plaintiff as a part of his case. In his deposition Jack Lopopolo testified that he was the driver of the sedan. This was corroborated by another witness testifying for plaintiff. At the trial Jack and Dan Lopopolo both testified that Dan, not Jack, was the driver of the car.

This case presents the too familiar circumstance of the appellants maintaining that the evidence does not support the verdict and judgment when in fact the evidence is merely conflicting and the verdict and judgment are supported by material and substantial evidence.

It seems that in altogether too many appeals we must repeat with monotonous regularity the familiar doctrine that we are not concerned with mere conflicts in the evidence; that such conflicts are within the sole province of the trier of fact for determination; that regardless of evidentiary conflicts we must affirm a judgment when as here, it is supported by substantial and material evidence.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.