## LUCIEN MANDEVILLE
vs.
## THE SHELBY MUTUAL PLATE GLASS AND CASUALTY CO.

Court of Common Pleas    Fairfield County    File #37912

Present: Hon. JOHN T. DWYER, Judge.

William Dorkin,                Attorney for the Plaintiff.

Williamson, Willis,
Lister & Foster,             Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 22, 1937.

DWYER, J.   On February 9, 1935, the plaintiff suffered personal injuries as a result of being struck by an automobile owned by Marion E. Jacobson which was being operated by Louis S. Jacobson, husband of the latter.   The present defendant had in force at the time its policy of automobile liability insurance which, by its express terms, granted insurance protection to the named assured as well as extended coverage to any person operating with her permission.

Soon after Mandeville was injured, Mr. Jacobson induced the former to accept a sum of money in full settlement for his injuries, and to sign a full release and discharge of his claim. Notwithstanding this, Mandeville instituted suit against Jacobson, in which action a verdict and judgment were entered in favor of the plaintiff in the Superior Court which judgment was affirmed on appeal.   See **122 Conn. 429.**

The present action seeks to recover the amount of the judgment from the insurance company under the provision of the policy as supplemented by **Section 4231 of the General Statutes.**   By its Second Special Defense, the defendant alleges that on February 28, 1935, it reimbursed its assured for

the voluntary payment made to Mandeville as a purported settlement; that such reimbursement was accepted by the assured in full satisfaction and discharge of any liability of the defendant under its policy; and that Mrs. Jacobson gave to the defendant her written release of all claims and demands under the policy. The further claim is made that the insurer thereby fully satisfied its entire liability to its insured and to this plaintiff.

As a basis for a demurrer to this Defense, it is claimed by the plaintiff that the allegations thereof relate to an agreement between the defendant and its assured to which the plaintiff was not a party, and that, for this reason, the allegations do not constitute a valid defense as to him.

The statute **(Section 4231)** makes the insurer absolutely liable for any loss or damage covered by the policy and permits an action to be maintained by the injured party against the insurer directly, regardless of whether the final judgment in the original suit is or is not satisfied by the assured. It prohibits the cancellation or annulment of the insurance contract by any agreement between the insurer and the assured after the assured shall have become responsible for such loss or damage.

These provisions have been construed to mean that the injured party becomes subrogated to the rights of the assured against the insurer, without extending such rights in any way except by prohibiting any termination of the coverage by any subsequent agreement of the parties to the policy. **Guerin vs. Indemnity Ins. Co., 107 Conn. 649; Conn. Drug Co. vs. New England Fire Ins. Co., 121 Conn. 514.** All other defenses which would be available to the insurer in an action brought by the assured may be presented in answer to a claim of the injured party. **Bartlett vs. Travelers Ins. Co., 117 Conn. 147.** Until a final judgment is rendered in favor of the injured party against the assured, the former has only an inchoate right against the insurer. **Goergen vs. Manufacturers Ins. Co., 117 Conn. 89.**

The defendant contends that the statute should be construed as prohibiting cancellation of the policy only after such right has fully ripened by the entry of final judgment. The precise words of the statute prohibit such cancellation "after the assured shall have become responsible for such loss or damage". Such a construction would be forced, indeed, and

would defeat the clear intent of the legislature, for, as the Supreme Court of Errors has said:

"The statute, to effectuate its manifest purpose to safe-guard the rights of the injured person, prohibits any cancellation or annulment of the policy by any agreement between the insurance company and the assured after the injury."

**Guerin vs. Indemnity Ins. Co., 107 Conn. 649, 653.**

As the defendant, by the Second Special Defense, relies on an agreement made with its assured after the date of the plaintiff's injury, which agreement is said to be evidenced by a release under seal, it falls within the prohibition of the statute and is void insofar as it is sought to bind the plaintiff by it.

It may be noted in passing that the record does not clearly allege that Mr. Jacobson was covered by the policy issued to his wife; although the defendant does not raise any question on this account, an amendment should be offered to cover this essential element. See **Rochon vs. Preferred Ins. Co., 114 Conn. 313.**

The demurrer to the Second Special Defense is sustained