## MARYLAND CASUALTY CO. v. LOPOPOLO.

### No. 8750.

Circuit Court of Appeals, Ninth Circuit.
June 23, 1938.

George M. Naus, of San Francisco, Cal., for appellant.

David E. Peckinpah and Leland N. Barber, both of Fresno, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellee, a citizen of California, against appellant, a Maryland corporation, on a policy of automobile insurance issued by appellant to appellee. The case was tried to a jury. At the close of all the evidence, appellant moved for a directed verdict in its favor. The motion was denied, and appellant excepted. There was a verdict in appellee's favor for $5,274.80, plus interest and at-torney's fees. From the judgment thereon, this appeal is prosecuted. The sole question presented is whether the trial court erred in denying appellant's motion for a directed verdict.

The evidence establishes the following facts:

The policy was issued November 13, 1935, for the term of one year commencing on that date. Thereby, subject to the conditions and limitations therein set forth, appellant insured appellee:

"Against loss from liability imposed by law upon the Assured * * * on account of bodily injuries * * * accidentally suffered or alleged to have been suffered by any person * * * caused by or through the ownership, maintenance or operation of any Automobile described in the Schedule[1] and used for the purposes named therein. * * *"

▉ The policy contained the following provisions, therein referred to as "insuring agreements:"

"II. The insurance provided by this Policy is hereby made available, in the same manner and under the same conditions as it is available to [appellee], to any person operating * * * any of the Automobiles described in the Schedule, provided the use and operation thereof are lawful and with the permission of [appellee] * * *.

"III. * * * [Appellant] will investigate all accidents and claims covered hereunder, and defend in the name and on behalf of the Assured all suits thereon, even if groundless.* * *"

Other provisions of the policy, therein referred to as "conditions," were as follows:

"A. The unqualified term 'Assured' wherever used in this Policy shall include * * * any person * * * entitled to insurance under the provisions and conditions of Insuring Agreement II hereof. * * *

"B. * * * [The] Assured * * * shall at all times render to [appellant] all reasonable cooperation and assistance."

At all times while the policy was in force, appellee's son, Jack Lopopolo, had appellee's permission to operate appellee's automobile. Therefore, when the automobile was so operated by Jack Lopopolo, the insurance provided in the policy was

---

[1] Only one automobile was described in the schedule.

available to him in the same manner and under the same conditions as it was to appellee, and Jack Lopopolo was at all such times an "assured," within the meaning of the policy. Royal Indemnity Co. v. Morris, 9 Cir., 37 F.2d 90; Snyder v. National Union Indemnity Co., 10 Cir., 65 F.2d 844; Storer v. Ocean Accident & Guarantee Corporation, 6 Cir., 80 F.2d 470; Rochon v. Preferred Accident Ins. Co., 114 Conn. 313, 158 A. 815.

On December 27, 1935, in a collision between appellee's automobile and an automobile operated by George Donato, Donato suffered bodily injuries. Thereafter, in a State court of California, Donato sued appellee and Jack Lopopolo for damages on account of said injuries, alleging that, at the time of the collision, appellee's automobile was being operated by Jack Lopopolo, with appellee's permission, and that the collision was caused by Jack Lopopolo's negligence. Appellant was notified and, as required by the policy, defended the suit in the name and on behalf of both defendants.

There was, in the Donato case, a conflict of evidence as to whether, at the time of the collision, appellee's automobile was being operated by Jack Lopopolo, as claimed by Donato, or whether, as claimed by appellant, it was being operated by Jack's younger brother, Dan Lopopolo, who, it is conceded, never had appellee's permission to operate the automobile. This conflict was, by the jury's verdict, resolved in Donato's favor. Judgment on the verdict, for $5,000 and costs, was entered against both defendants and, on appeal, was affirmed. Donato v. Lopopolo, 20 Cal.App. 2d 409, 66 P.2d 1256. Thereafter appellee brought this action on the policy, seeking thereby to recover of appellant the amount for which Donato had obtained judgment against appellee.

■ Appellant's motion for a directed verdict was on three grounds. The first was that Jack Lopopolo had breached condition "B" of the policy by failing to render to appellant "all reasonable cooperation and assistance." Whether Jack Lopopolo did or did not render such cooperation and assistance, is immaterial. He is not a party to this action. His failure, if he did fail, to cooperate with and assist appellant does not affect appellee's rights[2] under the policy.

In the brief filed by appellant's counsel, and again in his oral argument, four cases[3] were cited as holding that, under this type of policy, recovery by the named assured (in this case, appellee) is defeated by failure of an unnamed assured (in this case, Jack Lopopolo) to cooperate with and assist the insurer. These cases do not, nor does any one of them, hold any such thing. They should not have been cited as so holding.

■ The second ground of appellant's motion was that no suit had been brought nor any judgment obtained against appellee upon the theory or claim that Dan Lopopolo was operating appellee's automobile at the time of the collision, and that, if Dan Lopopolo was operating appellee's automobile, he was operating it without appellee's permission—all of which is quite true and quite immaterial. Donato brought suit and obtained judgment against appellee upon the theory or claim that Jack Lopopolo was operating appellee's automobile at the time of the collision. That judgment is now final and conclusive.

■ The third ground of appellant's motion was that Jack Lopopolo was appellee's agent and, as such agent, made wilfully false statements to appellant concerning the accident in which Donato was injured. There was no evidence of any such agency.

Appellant's motion was properly denied.

Judgment affirmed.

---

[2] Appellant's answer charged that appellee also had breached condition "B", but the motion for a directed verdict was not made on that ground, it being conceded that, on that issue, the evidence was conflicting.

[3] Royal Indemnity Co. v. Morris, supra; Snyder v. National Union Indemnity Co., supra; Storer v. Ocean Accident & Guarantee Corporation, supra; Rochon v. Preferred Accident Ins. Co., supra.