HENRY PAPINEAU *v.* CENTURY INDEMNITY COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 8, 1938—decided January 5, 1939.

*Perry J. Hollandersky,* for the appellant (plaintiff).

*William H. Tribou,* with whom, on the brief, was *Edward L. Taylor,* for the appellee (defendant).

PER CURIAM. The plaintiff sought recovery against the defendant for injuries suffered by reason of the operation of an automobile owned by the Old Saybrook Garage, Incorporated, but at the time being operated by a prospective purchaser. The action was based upon a policy of insurance issued by the defendant to the garage company. The plaintiff did not allege or claim to have proved that the garage company was under any legal liability to him by reason of the injury which he suffered, and in fact the complaint itself states that he brought an action against

the driver of the car which injured him and the garage company and in that action, while he secured a judgment against the driver of the car, the issues were found in favor of the garage company. A copy of the policy of insurance was filed as an exhibit. Under its terms the defendant agreed with the garage company, subject to various limitations, to pay to it all sums which it "shall be liable to pay by reason of the liability imposed upon [it] by law for damages" because of bodily injury if such injury should be directly caused by the maintenance or operation of automobiles for the purposes of its business or for pleasure or by any automobile sold, repaired or overhauled by it. Under the terms of the policy the garage company would have no right to recover from the defendant unless it was legally liable to the plaintiff for the damages which he suffered. He cannot, by suing the defendant, enlarge its liability so as to include injuries which would not impose a liability by law upon the garage company. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 653, 142 Atl. 268; *Connecticut Wholesale Drug Co.* v. *New England Fire Ins. Co.*, 121 Conn. 514, 518, 186 Atl. 551. Altogether apart from the judgment in the prior action rendered for the garage company, the plaintiff has neither alleged nor proved facts which would support a recovery against the defendant in this action.

There is no error.