[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FORSUMMARY JUDGMENT
The issue presented to the court by the defendant's motion for summary judgment is whether an injured party such as the plaintiff, Todd Wagner, who has brought this direct action against the defendant who he claims is the tortfeasor's homeowner's insurance carrier, is entitled to recover the amount of a default judgment entered against the tortfeasor in favor of the plaintiff, where the defendant was never notified of the plaintiff's claim or of the pendency of the action that CT Page 380-G culminated in the judgment which the plaintiff now seeks to recover in this action.
The plaintiff's claim is based on injuries he allegedly suffered on November 5, 1988, while he was a customer at a bar in Enfield as a result of an assault by another patron, Joel Quail, who he alleges lived at 12 Lake Street in Enfield, Connecticut at the time of the incident. He also states that Joe Quail "was a member of the household of his father Thomas Quail", and was therefore an insured under a homeowner's policy issued by the defendant for the premises at that address.
The defendant has filed an affidavit by Mark Cominole, its claim manager, in support of his motion, stating that neither Thomas Quail or Joel Quail notified the insurer either verbally or in writing of the incident of November 5, 1988 nor did they forward the suit papers in the original action brought by Todd Wagner against Joel Quail. The affidavit also states that the defendant "had absolutely no knowledge [of that litigation] and therefore was unable to investigate the incident. and/or the injuries claimed as a result thereof and further, due to the lack of knowledge of the pending action did not provide a defense in the matter."
The first notice of the plaintiff's claim, according to the CT Page 380-H affidavit, was on January 25, 1994, when it was served with the writ, summons and complaint in this action. Paragraph four of the plaintiff's complaint states that the judgment after default was rendered on or about August 26, 1993, in favor of the plaintiff against Joel Quail in the amount of $75,000.00.
The defendant's first and second special defenses allege that it has no liability under the provisions of its policy because no notice of the original occurrence of November 5, 1988 was given, and there was also a failure to comply with the condition that the insured "`promptly forward to us every notice, demand, summons or other process relating to the accident or occurrence . . .' thereby prejudicing the defendant General Accident Insurance." The third special defense is that "Joel Quail was not a resident of the home of Thomas Quail and therefore not an insured under the provisions of the homeowners policy."
The defendant has filed two additional affidavits given by Joel Quail and his father, Thomas Quail in support of its special defenses, which state that Joel Quail did not reside with his father at 12 Lake Drive in Enfield, but lived at 19 Alden Avenue in that town at the time of the occurrence. They also assert in their affidavits that they never gave the defendant notice of the fact that the plaintiff was making a claim against Joel Quail. CT Page 380-I
The plaintiff opposes the defendant's motion for summary judgment on the ground that the defendant has not been prejudiced because of lack of notice in connection with the action the plaintiff has brought against the insurer under § 38a-321 of the General Statutes. He also argues that there is a factual dispute as to Joel Quail's actual address because the police records of his arrest for assault as a result of the incident show his address to be 12 Lake Drive in Enfield, the premises insured under his father's homeowners policy.
Under the direct action statute, § 38a-321 of the General statutes, (formerly codified as § 38-175), the plaintiff is "subrogated to all the rights" of the insured "but has no greater rights, and cannot recover from the insurance company if the insured, because of any breach of the condition of the policy, could not recover." Rochon v. Preferred Accident Insurance Co.,114 Conn. 313, 315-16 (1932). The statute confers no special benefit upon the injured person and does not "deprive the defendant of any defense ordinarily open to an insurer in an action by the assured." Arton v. Liberty Mutual Insurance Co.,163 Conn. 127 at 140 (1972).
Although the plaintiff has denied the defendant's special defenses as to notice in his reply, he has not filed a counter CT Page 380-J affidavit in support of his denial, and argues instead that the issue of prejudice is an inherently factual question which has not been addressed at all in the affidavits and other materials submitted by the defendant in support of its motion. He relies on the case of Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409,417-18 (1988), in which the Supreme Court held that "a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage."
The plaintiff's argument, however, ignores the fact that inMurphy the Court went on to say that "the burden of establishing lack of prejudice must be borne by the insured [because it] is the insured who is seeking to be excused from the consequences of a contract provision with which he has concededly failed to comply." Id. 419-20. Moreover, the Court also held that the insurer was entitled to summary judgment because the insured's affidavit opposing summary judgment contained no factual basis for a claim that the insurer had not been materially prejudiced by the insured's delay. Id. 420-21.
It is difficult to conceive of any greater prejudice to an insurer "than a demand for payment of a default judgment of which CT Page 380-K a defendant is totally ignorant, and which, through the failure of the assured to comply with the terms of the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action." Hallman v. MarquetteCasualty Co., 149 So.2d 131 at 135 (La.App. 1963). It should also be noted that courts of other states that impose the burden of proof of prejudice upon the insurer, rather than the insured, have held that where the evidence establishes that no notification of suit was received by the insurer until after a final default judgment, the insurer has satisfied its burden of showing prejudice so as to relieve it of the contractual obligation to pay the judgment. Champion v. Southern GeneralInsurance Co., 401 S.E.2d 36, 39 (Ga.App. 1990); see alsoKimble v. Aetna Casualty Surety Co., 767 S.W.2d 846 (Tex.App. 1989), Members Insurance Co. v. Branscum, 803 S.W.2d 462
(Tex.App. 1991).
The plaintiff's attempt to impeach Joel Quail's veracity as an affiant in his brief and by way of secondary evidence as to his status as a member of his father's household are "[m]ere assertions of fact [which] are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,12 (1983). Speculation or conjecture cannot serve as a basis for opposition to a motion for summary judgment. Nolan v. Borkowski,
CT Page 380-L206 Conn. 495, 507 (1988).
For the foregoing reasons, the court finds that there is no genuine issue as to any material fact and that the defendant is entitled to judgment on the disputed issues raised in its three special defenses as a matter of law.
Accordingly, judgment is entered in favor of the defendant.
Harry Hammer Judge Trial Referee