In the Matter of CHARLES J. STEINBERG, an Attorney, Respondent.

First Department, November 5, 1920.

**Attorney at law disbarred — conversion of moneys of client — fraud and deceit — effect of restitution.**

Attorney at law disbarred for converting his clients' money received for the purpose of complying with a stipulation by which he agreed to pay the costs of an action and deposit moneys with the court to abide the event of another trial, and for violating said stipulation, and also for deceit and fraud in causing a transfer of real estate contrary to an agreement made by him, and for giving false testimony.

The fact that there was no ultimate loss by his clients does not excuse or palliate the attorney's conduct. Disciplinary proceedings are not entertained by the Appellate Division for collection purposes, nor does restitution reinstate character.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

Respondent in person.

CLARKE, P. J.:

The respondent was admitted to the bar at a term of the Appellate Division, Second Department, in November, 1919, and was practicing in the First Judicial District at the time he committed the acts complained of. The petition alleges that he has been guilty of misconduct as an attorney at law. The first charge is that he converted his client's money and violated a written stipulation. An action in the Municipal Court had been brought by one Korostoff against the firm of Feig & Adler, a judgment by default had been obtained by the plaintiff for $159.36, execution had issued and the defendants had paid $83.07 on account thereof to a city marshal. Respondent was thereafter retained by said firm. As a result of negotiations with plaintiff's attorney, various motions, and a written stipulation, respondent received from the marshal $83.07, from his clients $96.36, aggregating

$179.43, to be held in escrow for the purpose of paying any judgment which plaintiff might subsequently recover. The action was subsequently tried, resulting in a judgment for $236 for plaintiff. Respondent requested the attorney for plaintiff to agree to vacate the judgment and grant a new trial, and the following stipulation was entered into: " It is stipulated that the judgment entered herein on the 20th day of September, 1916, be vacated and set aside and that this case be set down for trial before a jury in the Sixth District Municipal Court on the 9th day of October, 1916; on condition that on or before the 28th of September the defendant pay to the plaintiff or his attorney the sum of twenty dollars costs, and deposit in the clerk's office of this Court the sum of Two hundred and thirty-six dollars to abide the event of the trial."

After the execution of this stipulation the respondent received from his clients the additional sum of $120 to be used by him solely for the purpose of complying with the terms of said stipulation. The respondent used all of these sums for his own purposes. He violated the stipulation. He neither paid the $20 costs to plaintiff's attorney nor made the deposit with the clerk. As a consequence judgment was entered against his clients for $236 and a levy was made on their property. He then gave a check of his mother's which was returned by the bank dishonored, and finally paid by the certified check of a friend. During the period of the negotiations and motions he repeatedly in writing asserted that " the amount * * * is in my hands and will not be turned over to any other person pending a decision upon this motion." In an affidavit he swore: " This deponent has in his possession the sum of $236 necessary to deposit in this Court." These statements were false. It is established that he converted his client's money to his own use, made false statements in regard thereto and broke his written stipulation. The learned official referee reported " the acts of the respondent, established by the evidence constitute misconduct and I so find." The fact that there was no ultimate loss by his clients does not excuse or palliate respondent's conduct. Disciplinary proceedings are not entertained by this court for collection purposes, nor does restitution reinstate character.

The second charge involves deceit, violation of agreement and fraud. The respondent incorporated the Regina Holding Company, Inc., to conduct a building operation. He was the treasurer and sole owner thereof. He delivered to Curry & Co. a promissory note for $350 signed by the company and indorsed by himself and John Zitelli, in payment for certain building materials. The note was not paid when due and Curry & Co. then brought an action in the Municipal Court against the makers and indorsers. Respondent caused a general denial to be interposed in behalf of himself and Zitelli. The trial was adjourned to December 1, 1916. On November twenty-ninth respondent stated to the attorney for the plaintiff that he would permit judgment to be entered against the defendants on default on December first provided he would postpone the docketing of the judgment for ten days, when respondent agreed to pay the judgment in full. The attorney for the plaintiff accepted the proposition upon the sole condition, however, that no transfer of the real property owned by the defendant Zitelli was to be made during the intervening period, which condition was then agreed to by respondent. Respondent in violation of this agreement and with intent to hinder and delay plaintiff in the collection of this judgment, on the same day, drew a deed which his client Zitelli executed, conveying all his property to his wife. This deed respondent acknowledged as subscribing witness and caused to be recorded on December 1, 1916. An action was subsequently instituted to set said conveyance aside as fraudulent and judgment was obtained as prayed. The learned referee reports: " The essential allegations of this charge are supported by a strong preponderance of evidence and it should be sustained."

We are of the opinion that respondent's conduct as shown by the record demonstrates complete indifference to the basic obligations of an honorable profession. He not only violated an agreement to a brother practitioner, almost as soon as made, which agreement was for adequate consideration, namely, the withholding of the docketing of a judgment, but induced or acquiesced in the execution of a fraudulent conveyance, and then gave false testimony in regard thereto.

The record discloses no adequate excuse or justification.

There are other charges set forth in the specifications which the learned referee has found were not sustained. We have examined all of this voluminous record and do not agree with his conclusions as to two of the other charges. The testimony as we read it shows that the respondent lacks a proper appreciation of the obligations and standards of the profession. It is unnecessary to review these at length, for, basing our decision on the findings of misconduct by the learned referee, in which we all concur, we are of the opinion that they disclose such serious and fundamental deficiency in honor and morals as to require us to disbar the respondent. And it is so ordered.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Respondent disbarred. Settle order on notice.