In the Matter of DAVID B. GETZ, an Attorney, Respondent.

First Department, February 3, 1939.

*S. C. Lewis* of counsel [*Einar Chrystie,* attorney], for the petitioner.

*William Jacobs,* for the respondent.

PER CURIAM. The respondent herein was charged with having converted to his own use the sum of $2,300 collected by him in December, 1929, for his clients, Mr. and Mrs. Izen, being a balance then due on a mortgage owned by them. It appears that he collected the money with interest and, after deducting his agreed fee of $35, gave his clients his check for $2,332.50. The check was returned because of insufficient funds. He gave another check on February 21, 1930, which also was unpaid for the same reason. During several months thereafter the respondent paid his clients sums aggregating $750. Thereafter for several years he could not be located. In 1934 his clients learned of his whereabouts, whereupon he promised to pay them the sum of $925,

which was all he conceded to be due, at the rate of $5 a month. After paying about $150 he paid nothing further.

In his answer, as well as in his testimony before the referee, the respondent denied converting the money. He claimed that its use by him had been authorized by the complainants and that the relationship of debtor and creditor had been established. While there is some dispute as to the exact amount unpaid, the respondent himself admitted that $735 was unpaid.

The record does not support the contentions of the respondent that he did not convert the money.

He used the money for his own purposes as soon as he collected it, and before he sent his clients a check which was returned because of insufficient funds. After his second check was returned for the same reason about two months after the money was collected and used by him, he first promised to pay the amount involved. He then sought to enlist the sympathy of his clients by the pleas of his mother and his own threats to commit suicide if the complaint was pressed. It is apparent from the record that his explanation that he was given permission to use the money was false and an afterthought. In any event, having converted the money, the transaction could not be changed into a loan by the subsequent forbearance of his clients.

The respondent should be disbarred.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Respondent disbarred.