In the Matter of I. CHARLES SCHWALB, an Attorney, Respondent.

First Department, October 31, 1941.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*I. Charles Schwalb*, respondent in person.

PER CURIAM. The referee herein has reported the respondent guilty of the conversion of moneys of his client aggregating approximately $6,875.

The basic facts are not in dispute. Between 1925 and 1934 the respondent acted as attorney for Mrs. Flora P. Unger and her son, John, to their mutual satisfaction. During that period he handled numerous mortgage and real estate transactions, in which he promptly applied the moneys received to the purposes for which they were intended and in due course accounted. The last payment made by him to his clients was one of $360 on October 16, 1934. Thereafter he concededly collected from certain mortgagors on behalf of his clients, as mortgagees, interest payments, rents and moneys for taxes aggregating $6,021.50. He admits

that he applied to his own use all the moneys collected with the exception of approximately fifty dollars. He claims, in effect, that an understanding between him and his clients, that he might use the moneys collected for his own purposes pending an accounting, is to be implied from the course of conduct between him and his clients. The record affords no reasonable basis for such contention.

The respondent received from his aforesaid clients the sum of $700 to cover the expenses of instituting foreclosure actions with respect to the properties in connection with which he made the collections above referred to. Mrs. Unger requested the return of the aforesaid sum of $700 and testified she did so because she was dissatisfied with the progress of the actions. The respondent claims Mrs. Unger asked for the money because she knew he had collected enough moneys to take care of the expenses. Mrs. Unger also claimed the respondent had overcharged her the sum of $200 in connection with a bill theretofore rendered for advertising. The respondent admitted such an overcharge had been erroneously made and that Mrs. Unger was entitled to a refund thereof. He subsequently sent her a note for the sum of $975 to cover the aforesaid items and interest which he volunteered to pay. The note has not been paid.

Having received the sum of $700 for a special purpose and concededly having diverted it to his own use, the respondent clearly is guilty of the conversion thereof. Such act of conversion cannot be thereafter converted into a loan, as claimed by the respondent, by the fact that he subsequently sent his client a note.

The respondent's contention that he intended to account to his clients after the sale of the properties, at which time he expected to offset fees for services rendered to Mrs. Unger and various members of her family, in no way meets the situation. He, moreover, failed to prove that he was in fact entitled to any such fees. Mrs. Unger denied that he was and claimed he had been paid in full for all services rendered. Concededly he is presently unable to make good the amounts which he converted as aforesaid.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent disbarred.