In the Matter of FRANK J. RINALDI, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 9, 1943.

*S. C. Lewis* of counsel (*Einar Chrystie,* attorney), for petitioner.

*Louis Susman* for respondent.

*Per Curiam.* The referee has reported to this court that the respondent is guilty of professional misconduct. The first charge is that the respondent, while acting as attorney for the owners of certain real property upon which one Mrs. Flora P. Unger held a past due mortgage, upon which interest payments were in default, on or about February 28, 1938, by a written agreement, undertook to collect the rents and remit them to Mrs. Unger without any deduction for commissions, fees or other compensation. He collected and remitted some money but failed to account for and converted to his own use the sum of

$800. When notified by the petitioner's Committee on Grievances on March 6, 1940, that the matter was under investigation, he paid Mrs. Unger said amount in three installments, the last of which was made on November 11, 1940.

The respondent admitted the aforesaid facts, urging in mitigation his poverty and the illness of members of his family.

The respondent disputes the referee's findings with respect to the second charge. However, he bases his objection chiefly upon the contention that the facts establish the relation of debtor and creditor between him and the complainant in this case, rather than upon any substantial dispute as to the factual situation.

It appears that for many years one Mrs. Jane Cepollaro had known and was friendly with the respondent and his family. In March of 1920 the respondent commenced borrowing money from her, allegedly to aid members of his family. Working upon her good nature and friendship, he obtained from March to December, 1920, between $13,000 and $14,000. While some portion of this amount undoubtedly constituted loans, it is definitely established by the evidence that in 1920 the respondent obtained from Mrs. Cepollaro $3,000 to be invested for her account in a bond and first mortgage. Respondent converted this amount to his own use and thereafter repeatedly falsely represented to her that he had the bond and mortgage in his possession.

The respondent also obtained from Mrs. Cepollaro in 1920 securities of an aggregate value of $4,500, his possession of which, he represented, would enable him to obtain personal loans. He assured her that he would retain possession of the securities and promised to return them on demand. He failed to fulfill his promise but converted the securities and the proceeds thereof to his own use.

The requests of Mrs. Cepollaro for the return of her moneys and securities resulted in the respondent's giving her on July 1, 1923, his promissory note for $15,000, payable on demand, and his acknowledgment of an indebtedness to her of $15,000 on July 1, 1928. On November 14, 1928, he gave her his collateral bond acknowledging an indebtedness of $15,900, and on November 1, 1933, his promissory note, payable on demand, in the sum of $14,223.23, representing the balance then concededly due with respect to the aforesaid transactions. Mrs. Cepollaro commenced an action against him upon the note in October, 1939, and obtained a judgment against him by default on December 2, 1939, for $17,574.68. Thereafter $1,700 was col-

lected from a third party in supplementary proceedings. The judgment otherwise remains wholly unpaid.

The respondent has sought to build up a case whereby all his relations with Mrs. Cepollaro would appear to be that of debtor and creditor, which he now claims to be the legal effect of his transactions with her. As this court has had occasion to point out heretofore, an attorney having once converted moneys, the transaction cannot be changed into a loan by the subsequent forbearance of his client.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.