In the Matter of ROBERT H. SPELLMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 28, 1957.

*Frank H. Gordon* for petitioner.

*Milton Schilback* for respondent.

*Per Curiam.* This disciplinary proceeding arises out of three charges that in 1949 respondent failed to make proper remittance to clients of the proceeds of collections.

The first charge recites an unjustified withholding of the proceeds of a settlement of a lawsuit from one of two clients whom respondent represented in the lawsuit. This charge was not sustained by the proof. What appears at most is a divergence of views as to the proper allocation of disbursements for expenses in respondent's mathematical computation of the contingent fee, and there is involved only a minor discrepancy.

The second charge relates to the proceeds of the same settlement, to the extent that the share of the other client of respondent was affected. This does not represent a mere mathematical or minor discrepancy. Despite a contingent retainer agreement, pursuant to which respondent was to receive as his fee 25% of the recovery in a lawsuit, respondent retained substantially twice that amount for his fee. He claims, and the evidence bears him out, that the difficulties he encountered in the course of the litigation were far greater than he had anticipated. Furthermore, most of the difficulties were of his client's making; and because of its lack of co-operation he was constrained to settle a case he had started with high hopes for what he contends was a fraction of its value.

Respondent also had been put to appeals to this court and the Court of Appeals. These, however, are the ordinary hazards of litigation. On the basis of the work performed, respondent's services might have been worth more than that afforded him under the contingent fee arrangement, but his request for an additional fee was not agreed to by his client.

Without his client's consent respondent was not thereafter free to ignore the contingent retainer agreement merely because of a claimed lack of co-operation. He might properly have asserted a right to withdraw from the litigation because of a claimed lack of co-operation. In the event of such a withdrawal or in the event of abandonment of the action by his clients, he might then have asserted a right to compensation on the basis of quantum meruit (Andrewes v. Haas, 214 N. Y. 255). Respondent did not withdraw, however, and the action was not abandoned. Instead, respondent commenced settlement negotiations, and upon receipt by him of a check for $15,000 the action was brought to a definitive conclusion.

Despite the fact that his request for further fees was refused, respondent proceeded to draw on the proceeds of the settlement, which were deposited in a special account. Four months went by, during which respondent made no effort to communicate with or to remit to his client. Only when drastic action was threatened did respondent turn over most of what remained in the special account. Prior thereto he had made substantial

withdrawals that were far in excess of the fee allowed by his retainer agreement.

Respondent cannot take refuge in the fact that his client was a fund, the present trustees of which regard the disposition of the proceeds of the settlement of a suit instituted by their predecessors with complete indifference. While the actions of the successor trustees might in an action to recover the moneys withheld be deemed an abandonment or waiver of any claim thereto, it must be borne in mind that this is a disciplinary proceeding, and in such a proceeding their attitude cannot condone conversion (*Matter of MacWilliams*, 193 App.. Div. 499). "Disciplinary proceedings are not entertained by this court for collection purposes, nor does restitution reinstate character" (*Matter of Steinberg*, 193 App. Div. 502, 503). The indifference of the successor trustees does not confer upon respondent retroactive absolution (*Matter of Getz*, 256 App. Div. 194).

The third charge relates to respondent's failure to account for collections made in a number of small subrogation matters which had been turned over to him. The evidence indicates that the insurance company which was his client never insisted on a periodic accounting and finally adjusted the account between them by giving respondent $100 over and above the amount of the collections he had retained as compensation for his legal services in other cases. Respondent's conduct in utilizing the collections made without notifying his client and in disregarding repeated requests for an accounting is censurable, but in the light of the subsequent accounting and adjustment which were had between them, mitigating circumstances are presented.

Under the circumstances, we hold that respondent should be censured for the professional misconduct proven under the third charge. The evidence in connection with the second charge indicates that respondent was guilty of a serious breach of professional conduct in arbitrarily awarding himself additional fees in excess of his retainer agreement and in converting the proceeds to his own use. He should under the second charge be suspended from the practice of law for a period of one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions, incorporated in the order to be entered hereon.

BREITEL, J. P., BOTEIN, RABIN and BERGAN, JJ., concur.

Respondent suspended for a period of one year.