In the Matter of GEORGE LaCAVA, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, July 12, 1976

*William H. Gage (Mark Aultman* of counsel), for petitioner.

*Theodore E. Wiggins, Jr.,* for respondent.

*Per Curiam.* In this disciplinary proceeding petitioner now moves to confirm the report and findings of the Justice of the Supreme Court to whom the issues were referred to take proof on the issues of fact and report the same to this court. The petition herein initially charged respondent with eight instances of alleged violation of provisions of the Code of Professional Responsibility as well as pertinent provisions of the Penal Law. Two of the charges of alleged professional misconduct were withdrawn, leaving for consideration six attorney/ client transactions hereinafter denominated as the Fox, Fornataro, Ranzenbach, Grant, Johnson and Shenck matters. Respondent's most serious transgression stems from the Fox matter involving the commingling of his client's funds with his own personal account, his conceded use of her funds and his issuance of a check in partial repayment which was dishonored for insufficiency of funds, notwithstanding any ostensible loan agreement and ultimate repayment in full to his client. In addition to DR 9-102 of the Code of Professional Responsibility, this Department by subdivision (a) of section 1022.5 (22 NYCRR 1022.5 [a]) of its rules, specifically prohibits the commingling of client's funds with personal accounts and mandates establishment of separate trust or escrow accounts for the deposit of client's funds pending ultimate distribution. Such escrow account was concededly not utilized by respondent and, in fact, did not exist. As we recently stated in *Matter of Iversen* (51 AD2d 422, 423-424):

"An attorney holds money that he collects for a client as a trustee and he is obligated to keep it separate from his own and pay it over to the client on demand. If he fails to do so and uses the client's money for any purpose of his own, he violates his professional duty and should be disciplined *(Matter of Braun,* 11 AD2d 147; *Matter of Babcock,* 230 App Div 323, 325). It is no defense that the attorney intended to and did, in fact, reimburse the client *(Matter of Detsky,* 16 AD2d 595; *Matter of Coleman,* 178 App Div 580, 583). The conversion is complete when the account in which the client's funds are deposited is overdrawn or when the balance of the account is less than the client's interest in it, and the conduct of the attorney is not excused because the improper handling of the funds is due to mismanagement rather than misconduct *(Matter of Le Pore,* 39 AD2d 261; *Matter of Raines,* 38 AD2d 459)."

. Nor may an act of conversion be thereafter transformed into a loan by the fact that a note was subsequently given to the client (*Matter of O'Doherty*, 14 AD2d 4, 9, affd 11 NY2d 1028; *Matter of Rinaldi*, 265 App Div 715, 717; *Matter of Schwalb*, 262 App Div 482, 483; *Matter of Getz*, 256 App Div 194, 195).

Respondent's conduct in the Fox matter constitutes a patent violation of section 90 of the Judiciary Law, canon 9 of the Code of Professional Responsibility, specifically DR 9-102 thereof, and subdivision (a) of section 1022.5 (22 NYCRR 1022.5 [a]) of the rules of this court.

So, too, in the Fornataro matter, respondent's communication or causing such communication to be had with and securing an affidavit from a party known to be represented in the matter without such counsel's prior consent is conclusively established by the proof, constituting respondent's violation of canon 7 of the Code of Professional Responsibility as delineated under DR 7-104 (A) (1) thereof. Respondent's contention that opposing counsel only represented affiant's insurance carrier is as groundless as his contention of implied right to take such statement by virtue of his representation of both parties in varying matters. To the contrary, respondent's dual representation, even on separate matters, imposes a most stringent responsibility on respondent's conduct (DR 7-104 [A] [2]).

Further, respondent's conduct in some of the matters he handled is in violation of canon 9 of the Code of Professional Responsibility in giving an appearance of professional impropriety concerning retention of funds, distribution and payment of obligated accounts and in his failure to render timely adequate explanatory accounting to his respective clients.

Accordingly, petitioner's motion to confirm the report and findings should be granted and an order of disbarment should be entered.

MARSH, P. J., MOULE, CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Order of disbarment entered.