In the Matter of MORRELL R. SOUTHWICK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 16, 1983

**APPEARANCES OF COUNSEL**

*David E. Brennan* (*Paul J. Ginnelly* of counsel), for petitioner.

*Bond, Schoeneck & King* (*John J. Dee* of counsel), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to practice by this court in 1955 and maintains an office for the practice of law in Syracuse. The uncontroverted allegations of the petition show that, while representing a client in a divorce action, respondent received $7,000, the proceeds of the sale of the marital residence, to be held in escrow pending a determination as to the final distribution of the property. Respondent put the money in an account bearing the name of his law firm. When a court ordered the distribution of the property, the account showed a balance well under $7,000. Respondent has made payment in full. His assertion that he always intended to repay the money and was able to do so, if established, would be no defense to the charge that he violated 22 NYCRR 1022.5 (a) and (b) (converting a client's funds and withdrawing moneys for his own use) (see *Matter of LaCava,* 53 AD2d 204; *Matter of Iversen,* 51 AD2d 422).

Respondent is guilty of violating DR 9-102 (B) (4) of the Code of Professional Responsibility and this department's rules relating to attorneys (22 NYCRR 1022.5 [a], [b]).

Considering respondent's explanation of the incident and the mitigating circumstances including his payment in full of the moneys and his otherwise clear record, we conclude that he should be suspended for one year and until the further order of this court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of suspension entered.