In the Matter of MORRELL R. SOUTHWICK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 23, 1987

### APPEARANCES OF COUNSEL

*Paul G. Ginnelly* for petitioner.

*Coulter, Fraser, Ames, Bolton, Bird & Ventre (Robert F. Coulter* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice as an attorney by this court on March 9, 1953, and he maintained an office in Syracuse, New York, until he was suspended from the practice of law by order of this court dated December 16, 1983 because he had converted a client's funds *(see, Matter of Southwick,* 98 AD2d 86). After respondent's suspension, this disciplinary proceeding was instituted by petition of the Grievance Committee of the Fifth Judicial District charging respondent with conversion of funds from an estate that he represented as executor and attorney. According to the petition, these conversions took place between June 22, 1983 and April 24, 1984, both before and after his suspension on December 16, 1983. The petition further alleges that respondent failed to notify the beneficiaries of the estate that he had been suspended from practice, and that after his suspension he continued his efforts to settle the estate, mailing to the beneficiaries forms of releases, releasing him from liability on account of his actions as executor and attorney. In all, the petition alleges, respondent made 26 withdrawals from the estate accounts, payable to himself, in the total amount of $13,322.57.

Respondent admitted all of the allegations of the petition, but alleged that he was not responsible for his actions in this matter, as well as in the matter resulting in his suspension, because those actions resulted "from a mental disability in-

duced by medication". He also requested a modification of the order of suspension to recite mental disability as the cause of his actions. Further, he petitioned the court for reinstatement on the ground that his mental disability had terminated.

We referred the matter to a Referee to hear and report concerning the issues raised by respondent in his answer and in his petition for reinstatement. After taking testimony, the Referee reported that during the period of the acts of conversion respondent was in a state of clinical depression and that his ingestion of the drug propranolol to control his hypertension may or may not have been the originating cause of his clinical depression, but that it was a material and substantial contributing factor therein. The Referee found, however, that respondent was not psychotic during that period of time and was able to function on a daily basis, both personally and professionally, and that he was able to comprehend the nature of his actions and that they were wrong. Finally, the Referee found that, but for respondent's mental condition of clinical depression, the wrongful acts alleged in the present petition, as well as in the petition resulting in his suspension, would not have occurred.

We confirm all of the findings of fact contained in the Referee's report except the finding that, but for respondent's mental condition of clinical depression, the wrongful acts would not have occurred, which finding we reject. The psychiatrist who examined respondent on behalf of the Grievance Committee testified that the state of clinical depression did not cause an impairment of respondent's ethical judgment; that patients who show such lapses usually have gross signs of mental impairment, including disorientation as to time and place and disillusioned thinking, and that respondent suffered none of these. He concluded that respondent's "circumscribed and willful misconduct" could not be attributed to the ingestion of propranolol. Although the psychiatrist who testified on behalf of respondent did attribute respondent's acts of misconduct to his ingestion of propranolol and was able to show medical literature indicating that depression may be one of the side effects of the use of the drug, he was unable to cite any reported incidents where the use of propranolol resulted in a problem with ethical behavior.

Because the acts of respondent in converting the moneys from the estate, especially after he had been suspended for a similar offense, are most serious, and because respondent was able to comprehend the nature of his actions and knew they

were wrong, we deem disbarment to be the appropriate sanction. The fact that respondent reimbursed the beneficiaries of the estate, although after a substantial period of delay, does not reduce the gravity of his misconduct.

We conclude that respondent is guilty of violating 22 NYCRR 1022.5 (a) in commingling and converting client funds, and is also guilty of violating 22 NYCRR 1022.5 (b) and Code of Professional Responsibility, DR 9-102 (B) (3) and (4), and that he should be disbarred.

DILLON, P. J., DOERR, DENMAN, BOOMER and PINE, JJ., concur.

Order of disbarment entered.