In the Matter of ERNEST F. FERULLO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 1989

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso* for petitioner.

*Crimi & Crimi* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice in this court in 1971

and maintains an office for the practice of law in Rochester. By petition dated May 24, 1989, petitioner charges respondent with various violations of the Code of Professional Responsibility and rules of our court: Code of Professional Responsibility DR 9-102 (A) and (B) (failing to identify, segregate, maintain and promptly pay a client's funds); DR 1-102 (A) (5) (engaging in conduct prejudicial to the administration of justice); DR 6-101 (A) (3) (neglecting a legal matter entrusted to him); and 22 NYCRR 1022.5 (a) (commingling and converting clients' funds). Respondent has submitted an "amended responding affirmation" which concedes the factual allegations of the petition but asserts facts and circumstances in mitigation.

The disciplinary violations relate to two charges against respondent. The first is that he converted and otherwise failed to safeguard funds belonging to clients and that he thereby neglected their matter. Pursuant to court order, the clients deposited $1,200 in escrow with respondent in order to secure the vacatur of a default judgment taken against them in underlying landlord-tenant litigation. On July 1, 1986, respondent deposited that sum in his "real estate trust account". The litigation was referred to mandatory arbitration and, in December 1986, an award was entered in favor of the clients. The clients thereafter made repeated inquiries about the status of the litigation and the escrow fund, but did not receive their $1,200 until April 1989, after this complaint was instituted. In the meantime, respondent issued several checks against the account for personal purposes, thereby reducing the balance of the trust account to $1,089.41. Subsequently, respondent failed to prevent the imposition of two $50 bank charges against the account and also failed to prevent his judgment creditor from levying against the $989.41 balance in the account.

The second charge against respondent is that he failed to cooperate with the Grievance Committee's investigation of four complaints against him, including the aforementioned complaint. Beginning in July 1988, petitioner repeatedly requested that respondent furnish written responses to the complaints, but respondent replied to only 2 of the 4. In February 1989 petitioner served a subpoena duces tecum, but respondent failed to appear or produce the documents sought. Finally, petitioner requested that respondent appear before the Grievance Committee on March 2, 1989, and respondent again failed to appear. Respondent's first appearance in this

matter was before this court in April in response to petitioner's motion for an interim order of suspension.

We find that, in his handling of the clients' matter, respondent is guilty of neglect, commingling, and conversion. Moreover, we find that, in failing to cooperate with the Grievance Committee, respondent is guilty of conduct prejudicial to the administration of justice. Those violations are of the utmost seriousness and cannot be condoned. However, in view of certain mitigating circumstances advanced by respondent, including his apparent inability to cope with the continuing stress of his recent divorce, the relatively small amount of the escrow fund that respondent used for personal purposes, and the fact that respondent fully repaid his clients, we determine that respondent should be suspended for a period of two years and until further order of this court.

DILLON, P. J., CALLAHAN, DENMAN, GREEN and BALIO, JJ., concur.

Order of suspension entered.