In the Matter of DEBORAH A. OXENDINE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 18, 1992

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Rochester *(Daniel A. Drake* of counsel), for petitioner.

*Joan de R. O'Byrne,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on February 7, 1986, and has maintained an office for the prac-

tice of law in Rochester, Monroe County. The uncontroverted allegations of the petition show that on July 5, 1990, respondent deposited in her bank escrow account the sum of $17,300 belonging to a client, which was to be utilized at the closing of a real estate transaction. Before disbursing any amount on behalf of that client, respondent withdrew a substantial sum from that account for her personal use, causing the balance to drop well below $17,300. It is also uncontroverted that on November 5, 1990, respondent deposited in that same escrow account the sum of $5,000 belonging to a different client and that, before disbursing the amount due that client, respondent made several withdrawals for her personal use, reducing the balance in the escrow account well below the sum due that client. The conduct prior to September 1, 1990 constituted a violation of 22 NYCRR former 1022.5 (a) and former DR 9-102 (A) of the Code of Professional Responsibility (see, Matter of Ferullo, 152 AD2d 45; Matter of Richards, 106 AD2d 156; Matter of LaCava, 53 AD2d 204); the conduct subsequent to September 1, 1990 constituted a violation of DR 9-102 (B) (4) (22 NYCRR 1200.46 [b] [4]) and (C) (4) (22 NYCRR 1200.46 [c] [4]) of the current Code of Professional Responsibility. Additionally, it is uncontroverted that respondent drew two checks on the escrow account that were returned for insufficient funds and that respondent drew one check on her personal account that was returned for insufficient funds. Respondent eventually made restitution to the payees of those checks and to her clients.

We confirm the Referee's findings that, in connection with the representation of both clients, respondent failed to keep client funds in a special or escrow account in violation of former DR 9-102 (A) and current DR 9-102 (B) (4) (22 NYCRR 1200.46 [b] [4]); failed to pay promptly funds due to the client in violation of former DR 9-102 (B) and current DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]); failed to maintain proper and adequate records for special or escrow accounts in violation of current DR 9-102 (D) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]); and neglected legal matters entrusted to her in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Respondent's assertions that she had economic and emotional problems and that she lacked an intent to convert client funds do not constitute a defense to the charges (see, Matter of Richards, 106 AD2d 156, supra; Matter of LaCava, 53 AD2d 204, 205, supra; Matter of Tumposky, 32 AD2d 225), but we have considered her emotional problems in mitigation

*(see, Matter of Ferullo,* 152 AD2d 45, *supra).* Under all of the circumstances, we determine that respondent should be suspended for a period of two years and until further order of this Court.

DENMAN, P. J., CALLAHAN, GREEN, BALIO and LAWTON, JJ., concur.

Order of suspension entered.