■ HERBERT T. MAHAN, JR., Respondent, v RALPH L. MAHAN, Defendant, and ALVAN S. HUTCHINSON, JR., et al., Appellants. [623 NYS2d 899] —In an action, *inter alia,* for partition, the former attorneys of the plaintiff appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 14, 1993, which denied their motion to fix and determine the reasonable value of their services.

Ordered that the order is reversed, on the law and the facts, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, including interest, awarding attor-

ney's fees to (1) Alvan Hutchinson in the principal sum of $23,476.20 plus $702.80 in disbursements, and (2) Richard Hutchinson in the sum of $18,360 plus $2,294.50 in disbursements.

Attorney Alvan Hutchinson moved for an order "fixing the value of attorney's fees earned by [him] * * * on a quantum meruit basis". In his motion papers, he also requested that the court fix the attorney's fees owed to his son, Richard Hutchinson. The elder Mr. Hutchinson had represented the plaintiff, Herbert T. Mahan, Jr., until October 21, 1991, when he was suspended from the practice of law. His son, Richard Hutchinson was then substituted as counsel, and continued to represent Mr. Mahan until he, in turn, was replaced by another attorney.

According to Alvan Hutchinson's affidavit in support of his petition, he had originally been retained by Herbert Mahan in 1981. In 1984, he commenced an action for the partition of the two separate properties in which Herbert and his brother, Ralph Mahan, had interests, either as partners in a partnership, or as tenants in common. In 1985, a contract for the sale of one of these properties was signed, and this contract was closed on February 26, 1986. Alvan Hutchinson billed Herbert Mahan for the legal services connected with this closing and, according to the Supreme Court, received the sum of $28,654 out of the proceeds of the sale.

The legal dispute between Herbert Mahan and his brother continued after the sale of the first property, in light of Herbert Mahan's claim that his brother still owed a duty to account for the income which the two properties had generated from 1972 to 1986. The dispute was further complicated as a result of the assertion by Ralph Mahan that the second property was owned by a partnership and thus not subject to partition. Alvan Hutchinson, representing Herbert Mahan, then commenced a proceeding to dissolve the partnership. This proceeding was then consolidated with the ongoing action for partition.

This consolidated action and proceeding eventually went to trial before a Judicial Hearing Officer. At some point, Ralph Mahan offered a settlement agreement pursuant to which he would, *inter alia,* make a full accounting for the period 1972 to 1992. According to Alvan Hutchinson, Ralph Mahan then "stalled in producing his accounting up to the time of [his] substitution [as attorney]". Ralph Mahan offered to settle the matter by stipulating "that he had indeed failed in his fiduciary duty as a partner".

Richard Hutchinson, who had by this time been substituted as the attorney for Herbert Mahan, averred, in support of the application for attorney's fees, that he provided legal services to Herbert Mahan in connection with various disputes that continued to arise in connection with the stipulation noted above. These services included securing an order, dated March 23, 1992, in which Herbert Mahan was appointed receiver of the second property. Richard Hutchinson also hired an accountant to assist him in reviewing the accounting submitted by Ralph Mahan, which covered 20 years. The proceedings in connection with the enforcement of the stipulation noted above were about to lead to results which, according to both Richard Hutchinson and Alvan Hutchinson, would have been extremely beneficial to Herbert Mahan, when, allegedly under pressure from family members, Herbert Mahan decided to discontinue his consolidated action against his brother. This, according to Alvan Hutchinson, left Herbert Mahan "in the same legal position as [existed in] 1984 before either action commenced". Herbert Mahan then retained another attorney in order formally to discontinue the action against his brother.

Both Alvan Hutchinson and Richard Hutchinson had originally agreed to wait until "the conclusion of the matter and/or the sale of the [second] property" before they submitted a bill to Herbert Mahan. They each unsuccessfully requested payment from Herbert Mahan after he had discontinued the underlying action. Thereafter, Alvin Hutchinson moved for an order fixing the attorney's fees.

The evidence in the record on appeal contains various bills submitted by Alvan Hutchinson and Richard Hutchinson. One, from Alvan Hutchinson, dated August 27, 1992, demanded payment of $58,208.80. Another bill from Richard Hutchinson demanded payment of $20,654.50. Another, from the law firm of Hutchinson & Hutchinson, demanded payment of $78,815.80. These bills all claim to itemize in detail the legal services performed.

After a hearing, the Supreme Court found, *inter alia,* that Alvan Hutchinson "was fully compensated for the legal services rendered from May 25, 1984 through May 21, 1986" by the payment of the sum of $28,654 after the sale of the first property. The Supreme Court also held that Alvan Hutchinson was not entitled to any compensation for services rendered after May 21, 1986. This holding was based, *inter alia,* on the Supreme Court's conclusion that Mr. Mahan "derived no appreciable benefits from the legal services rendered * * *

during [this] time period" and on the court's finding that the parties had agreed that Alvan Hutchinson's fees would derive from the "fund" created by the sale of the second property, which "never came into existence".

The Supreme Court also found that Richard Hutchinson was entitled to the sum of $12,205.50 as legal fees, and $2,294.50 in disbursements. The court also concluded that Herbert Mahan's payment of $12,500 to the firm of Hutchinson & Hutchinson and his payment of $2,000 to Richard Hutchinson, which payments were made prior to the date on which Alvan Hutchinson brought this motion, "constituted full payment of the compensation due and owing to [Richard Hutchinson]". In accordance with these findings, the court order allowed for no further award of attorney's fees and in effect denied the motion. We reverse.

Contrary to the conclusion reached by the Supreme Court, Alvan Hutchinson is entitled to receive compensation for the period from May 21, 1986, until the time of his suspension. The weight of the evidence does not support the finding of fact that Alvan Hutchinson in effect agreed to work without compensation in the event the ongoing litigation against Herbert Mahan's brother proved fruitless. Nor does the fact that this litigation turned out to be fruitless, because of Herbert Mahan's own decision to discontinue it, deprive Alvan Hutchinson of his right to reasonable compensation for his time.

Even if Alvan Hutchinson had made a contingency fee agreement with Herbert Mahan, whereby no fees would be incurred unless the litigation against his brother were fruitful, the fact remains that Herbert Mahan's decision to discontinue that action would not automatically deprive Alvan Hutchinson of his right to be compensated for the reasonable value of his services (see generally, Andrewes v Haas, 214 NY 255; Matter of Spellman, 4 AD2d 215; NY Jur 2d, Attorneys at Law, § 154; see also, Matter of Cooperman, 83 NY2d 465, 473). While the magnitude of the actual benefit resulting from the legal services rendered may be one of the several factors to be considered (e.g., Potts v Hines, 144 AD2d 189, 190; Matter of Smith, 131 AD2d 913, 914; Matter of Gutchess, 117 AD2d 852, 854), this factor should not be given such weight as to deprive an attorney of all compensation where his or her client prematurely discontinues an apparently meritorious action.

The Supreme Court identified several other factors as grounds to deny Alvan Hutchinson's motion. In our view, none of these is of such significance as to deprive Alvan

Hutchinson of all right to recover. For example, the Supreme Court found that Alvan Hutchinson had billed his client for 10 hours of legal services performed after the date of his suspension. We disagree with this finding, and accept Mr. Hutchinson's explanation that services actually performed by his son were attributed to him as the result of a billing error. On the other hand, we agree with the Supreme Court that the weight of the evidence is not sufficient to support an award for the full amount specified in Alvan Hutchinson's bill. Under all the circumstances of this case, we find that the weight of the evidence supports a finding that Alvan Hutchinson is entitled to legal fees in the sum of $23,476.20, plus disbursements of $702.80.

We also find that the weight of the evidence supports an award of $18,360 in attorney's fees to Richard Hutchinson plus disbursements of $2,294.50. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.